May Term, 1828.

LEVELLING
v.
LEAVELL.

---

## LEVELLING v. LEAVELL and Others.

It is sufficient for a plea of justification in trespass, to justify that which is the gist of the action : matters merely in aggravation need not be answered.

An alias or pluries list of militia fines may be issued by the judge advocate against the delinquents, whether they be persons conscientiously scrupulous of bearing arms or not; and it is not necessary for such list to be, like an execution, in the name of the state.

A plea of justification in trespass, cannot be objected to for the want of a venue; the place being laid in the declaration, and the trespass justified being alleged to be the same with that complained of.

If *A.* and *B.* justify in trespass, as sheriff and deputy sheriff, under an alias list of militia fines issued by a judge advocate, the plea must show which of the defendants is the sheriff and which the deputy.

APPEAL from the *Henry* Circuit Court.

BLACKFORD, J.—This was an action of trespass. The declaration contains two counts. The first, for breaking and entering the plaintiff's close, situate in the county of *Henry*, and taking away his mare, and converting her to his own use. The second, for breaking and entering the plaintiff's dwelling house, situate in the county of *Henry*, and breaking his clock.

Two of the defendants, *Leavell* and *Forkner*, pleaded in justification, that the plaintiff, conscientiously scrupulous of bearing arms, was, on, &c. at, &c. by a Court of assessment, adjudged to pay two dollars and a half as an equivalent for not

Saturday,
May 10.

performing militia duty in the year 1825; that, on, &c. at, &c. the judge advocate laid before the Court of appeals the assessment against the plaintiff, which was not remitted; that, on, &c. the judge advocate made out a list of the fine against the plaintiff, which list was signed and sealed by the senior officer of the Court of appeals, and delivered to the sheriff of said county of *Henry*, where the plaintiff resided, who, on, &c. returned the list to the paymaster, with an endorsement that the same had not been collected; that the judge advocate, on being notified by the paymaster of this return, made out an alias list of the fine, and then and there, to wit, on, &c. delivered the same to these defendants, sheriff and deputy sheriff of the said county of *Henry*, to be collected; that before this alias list was returnable, the defendants, with the said list, entered the dwelling house of the plaintiff, the door being open, to levy the amount, using no unnecessary force; that not finding goods there on which to levy, they entered the plaintiff's close, and then and there, with the said list, levied on the mare to satisfy the fine and costs, and took her into possession, using no unnecessary force; that by virtue of said list, on, &c. at, &c. and before the same was returnable, the defendants sold the mare, after due notice, at public vendue, for the purpose aforesaid, the proceeds of which, the fine and costs being deducted, the plaintiff refused to accept, and the defendants paid the same into the treasury of the said county of *Henry;* and that the trespasses justified are the same with those complained of.

The other defendant, *Boggs*, besides the general issue, pleaded a justification similar to that of his co-defendants, with the exception that he states his having acted not as an officer, but in aid of *Leavell* the sheriff, and in obedience to his command.

To the plea of *Leavell* and *Forkner*, the plaintiff demurred specially for the following causes: 1st, the plea does not answer the trespass charged as to the house and clock; 2ndly, the plea shows that the fine was against the plaintiff, as one conscientiously scrupulous of bearing arms; and that the alias list was not signed, sealed, and delivered, by the senior officer of the Court of appeals, without which it was void; 3rdly, the plea shows that the property was taken on an alias list of fines, which could not issue in this case; 4thly, it does not appear that the process was in the name of the state; 5thly, it does

not appear that the levy was made in the county, or whilst the defendants were the sheriff and deputy; 6thly, it does not appear which of the defendants justifies as sheriff, and which as deputy. The plaintiff also demurred specially to the plea of Boggs, and assigned for cause, the first four objections taken to the other plea. All the defendants joined in demurrer, and the Circuit Court gave judgment in their favour.

There is nothing in the first objection. Entering into the dwelling house, breaking the close, and taking the plaintiff's mare, constitute the gist of the trespass alleged; and these, the defendants undertake to justify: breaking the clock is merely a matter of aggravation, and needed not to be answered by the plea. Taylor v. Cole, 3 T. R. 292.

The second objection is also untenable. The words of the militia law of 1824, section 47, are express, that if the money be not made on the first list, the judge advocate, on being notified thereof by the paymaster, shall issue an alias or pluries list of the uncollected fines. The law requires the first list to be signed and sealed by the senior officer; but, in so many words, authorises the judge advocate himself to issue the subsequent ones.

As to the third objection, we are clearly of opinion, that the provision in the section of the militia law already referred to, which requires the judge advocate to issue an alias or a pluries list, extends to the cases of fines against persons conscientiously scrupulous of bearing arms, as well as to all others. That is, obviously, the intention of the statute, and we can find nothing in the letter to warrant any other construction.

The fourth objection, that the list is not, like executions of fieri facias, &c., in the name of the state, cannot be supported. It is plain, that the form contended for is not within the intention of the statute. By the words, a list of fines, cannot be meant a formal execution, running in the name of the state. The objection, therefore, depends on the unconstitutionality of the law. The clause in the constitution saying, "the style of all process shall be, The State of Indiana," found in the fifth article, which relates to the judiciary department of the government, has no relation to the manner of collecting militia fines. There is a section in the seventh article, relative to these fines as to conscientious persons, which requires that they shall be collect-

May Term, 1828.

LEVELLING
v.
LEAVELL.

ed by a civil officer; but it says nothing as to the form of the process,—leaving that, as we conceive, to legislative discretion.

That part of the fifth objection to this plea, which relates to the want of a venue, is answered by observing that the place is laid in the declaration, and it was not necessary to repeat it in a justification of the trespass, alleged to be the same with that complained of. As to the other part of this objection, though the statement of the fact said to be omitted, is not as explicit as it might be, we think that the defect is rather too slight to authorise a reversal of the judgment on that ground.

The last cause of demurrer to this plea is fatal; and the plaintiff was entitled on it to the judgment of the Court. The defendants, *Leavell* and *Forkner*, justify as sheriff and deputy sheriff, but do not designate in their plea, which of them is the one, or which the other. It is impossible that this can be correct. The plaintiff has a right to know from the plea, which particular defendant it is that justifies as the sheriff; and, also, which one it is that justifies as the deputy sheriff. The plaintiff, for example, might wish to deny that the person is sheriff, who justifies in that character; but in this case he could not do so, without averring that neither of these two defendants was the sheriff. That would surely be subjecting him to more than the law requires.

The special plea of *Boggs* is a bar of the suit as to him. The causes of demurrer to his plea have been shown to be insufficient; and it is, in other respects, substantially good.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded to the Circuit Court, with directions to render judgment on the demurrer in favour of *Boggs*, and to permit the other defendants to withdraw their joinder in demurrer and amend their plea.

*Sweetser* and *Smith*, for the appellant.

*Rariden*, for the appellees.