Ruffes, Chief Justice,
 

 after stating the facts as above set forth, proceeded:
 

 The plaintiff, we think, has failed to make out a case on which he can have a decree on his present bill. Supposing the deeds to be valid, either as covenants to stand seized or as bargain and sales, the Court would supply the destruction or loss of them, before registration, by decreeing others to be made. But it could be done only against the heirs or de-visees, in whom the title is. The defendant denies all knowledge of them and they are not traced to him or any other person; There can, then, be no decree for their production.; but only for the execution of others. The act of 1797, Rev. Stat. 279, authorizes executors “ to execute deeds for any lands that may have been
 
 bona fide
 
 sold by the deceased, and for which he has given to the purchaser a bond to convey the same.” The deed which was executed and has been lost is not within the meaning of the words, “ bond to convey,” because by a subsequent provision of the act, the executor can only convey when the bond has been proved and registered. Besides, the power to the executor is only to convey lands “ sold by the deceasedand there is no evidence that the deeds of 1831 even professed to be of that character. If the Court were at liberty to give a liberal construction to the act, this part of the transactions would not bring the case within it.
 

 The draftsman of the bill was aware of this, and therefore sets out the original bond and prays for a conveyance from the executor as a specific performance of that. But the plaintiff has not fewer or less serious obstacles to relief on this, than on the preceding point. In the first place, the act manifestly points to the case of the contract resting in articles, or being an executory agreement, as a bond, at the death of the vendor; and one founded on a pecuniary con
 
 *76
 
 sideration. Now this agreement had, according to the statement of the bill, been fulfilled by the testator himself; and ^iere wereí in a legal sense, no obstacles, no bond to convey; for the conveyance had been already made. The purpose of the bond was answered, and its obligation gone by performance.
 

 Under the act an ex-riot com-execute's fhe vendo? or his heir’ wouldbe ’ specific*0 perfor-any de-latter* as*10 Warl'dera tion &c, is the forme?
 

 But if no deed had been made by the father, the bill and the evidence are not sufficient to put the act into operation, It is not the meaning of the statute that the executor -should be obliged, or have power to convey, where the deceased or bis heir or devisee would not be bound to do so. To raise the duty in the latter class of persons there must be a valuable consideration stated in the pleadings and proved, and such acts °f f;he vendor as amount to performance of the contract on his part or an offer to perform. Indeed, as has been already noticed, the act is confined to land sold.
 
 The
 
 bill aheges a consideration of ,$100, paid in a bond of the father cancebGd* The answer denies this as positively as an executor can deny an allegation, both as to the circumstances an<^ substance of the allegation. It would require the opportunities of a personal agency in a transaction to deny the allegation more precisely. Of this important fact, thus put in issue, the plaintiff has given no evidence — on the contrary the testimony of the person who wrote and witnessed the bond tends to sustain the answer in this point. That witness speaks of an instrument to secure a support to the plaintiff’s parents; but enough does not appear respecting its provisions to support the contract, if it were consistent with the statement of another consideration in the bill. It does not appear whether it was a mere reservation of a support for the mother out of the property, or an independent covenant on the part of the plaintiff absolutely to maintain his parents, or either of
 
 them; and
 
 if it were the latter, there is
 
 not the
 
 slightest reason to believe that the plaintiff did a single act in compliance with it for a period of upwards of sixteen years, which elapsed between the agreement, and the commencement of this suit. The bill, however, puts the contract on the pecuniary consideration of $100 ; and it is enough to say, that' it denied and not proved, but rather disproved.— There could not therefore be a decree,'founded on the agree
 
 *77
 
 ment alone, if the bill sought it against the heirs or devisees: much less can it be against the executor.
 

 A a spe-^ manee obtained e uP°n a biu of several
 

 It might not be material in what character the defendant was brought before the Court, if the plaintiff was entitled to relief against him in any capacity without bringing in others. But although the defendant is an heir as well as executor of his father, it is.stated in the answer that there are nine other children, and it appears in the bill that there is, at least, one other son, Moses Hodges, whom it is necessary to bring before the Court, in this aspect of the case. The bill stand over to make parties; but it could not be amended in that respect without making it substantially a new bill, which could not be allowed without the payment of full costs. It is better the plaintiff, if he chooses to proceed in the litigation, should begin
 
 ah origine;
 
 and therefore this bill must be dismissed with costs.
 

 Per Curiam. Bill dismissed.