## GLIDDEN *v.* BLODGETT.

A vested remainder, like any other estate, may be devised, assigned, modified, or limited over, by the person in whom it exists, by any instrument properly executed for that purpose, to any uses, and made subject to any trusts or contingencies which such person may think proper to appoint or establish ; and the law will carry out the clearly expressed intention of such instrument, if it may properly be done.

Where a lady, seized of a remainder in the residuum of the real and personal estate of her father after the death of her mother, in contemplation of marriage, executed a deed of trust, in which her intended husband joined, conveying her interest to a trustee, to be holden to her own use during her life, after her death to the use of her intended husband during his life, remainder to her children, or her legal representatives ; and, after the marriage she had a child, and then died, and the child, surviving its mother only a few months, died about a year before its father also died—*Held*, that by the deed of trust, the vested was converted into a contingent remainder, and so continued, until, upon the death of the child without issue, the equitable estate vested in the legal representatives of the grantor, according to the terms and intention of that instrument.

PROBATE APPEAL.   Amos Tenney, late of Claremont, in this county, died in May, 1839, leaving a widow, Lucy R. Tenney, and three children, Amos J. Tenney, Emeline E. Tenney, and Lucy E. Pomroy.   By his last will and testament, which was duly proved and allowed by the court of probate for this county, after bequeathing sundry legacies, he gave to his widow the use and improvement of all the residue and remainder of his estate, real and personal, during her life ; and after her death he provided that the residue of his estate should be equally divided between his three children and four charitable societies, named by him : one fourth thereof to each of the children, and the other fourth to the four societies.   The appellee was administrator, with the will annexed, of Amos Tenney. The appellants were Lucy E. Pomroy, one of the three children of Amos Tenney, and Erastus Glidden, adminis-

trator of Amos J. Tenney, deceased, another of the three children of Amos Tenney.

On the 27th day of April, 1840, Emeline E. Tenney, one of the children of Amos Tenney, in contemplation of marriage with John S. Spalding, made and executed a deed of trust to one Ormond Dutton, in which her intended husband joined, whereby she conveyed to said Dutton all the share or portion of her father's estate, both real and personal, to which she was entitled under his will, to hold for her own use during her life, and after her death to the use of said John S. Spalding during his life; then to be paid over and divided "among the children of the said Emeline, or her legal representatives, in equal proportions," if she should leave no will otherwise disposing thereof. If she survived her husband, the trustee was to pay over the whole trust estate to herself after the decease of her husband.

The marriage took place; and in August, 1845, said Emeline E. became the mother of a child by said John S. Spalding. In September following, said Emeline E. died intestate. In November or December, 1845, at the age of three or four months, the child died, and in about one year afterwards said John S. Spalding also died. An administrator of said Spalding, and also of said Emeline E., had been duly appointed.

Amos J. Tenney died in August, 1855, leaving a widow, Elizabeth C. Tenney, and two sons, Edward J. Tenney, now of age, and George P. Tenney, a minor, of whom Charles M. Bingham is guardian. Lucy R. Tenney, widow of Amos Tenney, died in February, 1857. Lucy E. Pomroy is the only surviving child of Amos Tenney.

On the 31st of March, 1858, the appellee having settled his administration account of the estate of Amos Tenney in the probate court for this county, whereby a balance of $2,405.70 was found in his hands, filed his petition to the judge of probate, setting forth the foregoing facts, and

praying for a distribution of said balance according to law. Thereupon, at a court of probate holden at Claremont, on the 26th day of May, 1858, it was decreed that said balance should be distributed as follows : $601.42 to Lucy E. Pomroy, surviving child of Amos Tenney ; $601.42 to Erastus Glidden, administrator of Amos J. Tenney, a deceased child of said Amos ; $601.42 to Milon C. McClure, administrator of John S. Spalding ; and $120.28 to each of the four charitable societies. named in the will of said Amos. From this decree an appeal was taken to this court.

Ormond Dutton, the trustee named in the trust deed of Emeline E. Tenney and John S. Spalding, never received or claimed any funds under said trust deed.

The following is a copy of the preamble to the deed of trust of April 27, 1840, before referred to :

" Whereas a marriage is intended to be had and solemnized between the said John S. Spalding and the said Emeline E. Tenney, and it is intended to secure to her the right, after said marriage, to have and enjoy the income of all the share or portion (except the legacy for two hundred and seventy-five dollars, to be expended in furniture,) which may accrue or belong to her by virtue of the last will and testament of Amos Tenney, late of said Claremont, deceased, by vesting said share or portion in the said Ormond Dutton, as her trustee, in such manner as that the same shall not be subject to the control of said Spalding after said marriage, nor subject to his debts :

Now, to the end that these objects may be accomplished, this indenture witnesseth," &c.

The following is a copy of that portion of said deed of trust, the construction of which was particularly involved in this appeal :

" Second. In trust and in confidence that, in case the said John shall survive the said Emeline, the said Dutton, his executors or administrators, will pay said interest or income in like manner to the said John during the term of

his natural life; and upon the decease of said John will pay over and divide the whole of the estate then remaining under this instrument, to and among the children of the said Emeline, or her legal representatives, in equal proportions, or otherwise dispose of said estate, providing the said Emeline shall, by a will properly executed, appoint and direct a different distribution and disposition of said estate."

In the deed of trust, Spalding assented to the provisions, payments and dispositions therein expressed and contained, and covenanted for himself, his executors and administrators, that neither he nor they would ever do, or cause to be done, any act, matter or thing, which should tend to hinder, retard or prevent the execution of the duties thereby imposed, or the trusts thereby created, or the enjoyment of the rights thereby secured.

*A. F. Snow*, for the appellants.

*Freeman & McClure*, for the appellees.

Fowler, J.   By the provisions of the last will of Amos Tenney, upon his death in May, 1839, there vested in his daughter, Emeline E. Tenney, a right to one fourth of the residue or remainder of his estate, real and personal, after payment of his debts, funeral charges, expense of gravestones, and the several legacies enumerated in the first and second clauses of that will, subject to the life estate of his widow, Lucy R. Tenney, therein.   This interest of Emeline E., under the will of her father, being an immediate, fixed right of future enjoyment of the fourth of the remainder of her father's property, after the decease of his widow, was a vested remainder, descendible to her heirs in the event of her death, and capable of being devised, assigned or limited over by her, by any instrument properly executed for that purpose, to any uses, and made subject

to any trusts or contigencies which she might appoint or establish. Had she died without in any way disposing of it, it would have descended to her children, or other heirs at law. 1 Preston on Estates 64; 1 Hilliard's Abridgment 364; 4 Kent's Com. 205; Fearne on Remainders; 2 Black. 164, et. seq.

Being seized of this interest in her father's estate under his will, on the 27th of April, 1840, in contemplation of marriage with John S. Spalding, she undertook, by her deed of that date, in which said Spalding joined, to place this, her estate in remainder, in the hands of a trustee, and to limit and appoint the uses to which it should be applied in the life time of herself and contemplated husband, and to determine to whom it should descend upon the fulfilment of those uses. She was herself, by the terms of that deed, to receive to her separate use the income of that estate during her own life, and after her death the same was to be received by said Spalding during his life; and upon his death the estate itself was to go to her children, or to her legal representatives. The effect of this conveyance by Emeline E. was to vest in her trustee, under the deed, the legal estate before vested in herself, and to convert the same from an immediate fixed right of future enjoyment, as it had been in her hands, into a contingent interest, in the hands of her trustee, dependant on the priority of the death of herself or said John S. Spalding, and also upon the uncertainty whether or not any child or children of herself might exist at the death of said Spalding, in case he should survive her. By the express terms of the deed, if her intended husband died before she did, the estate was thereupon to revest in herself. If she died before her intended husband, he was to receive the income during his life, and then the estate was to pass to her children, if any then lived, or the children of any of them; otherwise, it was to revert to her own legal representatives. After this assignment of her interest in the residue or

remainder of her father's estate to the trustee, the legal estate vested in him, under the provisions of the deed, as an uncertain contingent estate, limited to certain uses during the life of said Emeline E. and her husband; and upon the termination of those uses, descendible either to her children or to her legal representatives, according as the event might be as to the existence or non-existence of such children, at the termination of the particular estates on which the now contingent remainder depended. Com. Dig. (Estates by Grant) b, 16, 17, and notes; *Yeaton* v. *Roberts*, 28 N. H. (8 Fost.) 466, and authorities.

Upon the birth of Emeline's child, the equitable title to this contingent interest did not vest in that child, because it was then uncertain, not only whether she might not survive her husband, so as herself to take the estate, but also whether the child would survive its father, so as itself to be entitled to it. This latter uncertainty continued after the death of Emeline; but the child having deceased before the termination of the life estate of John S. Spalding, its interest was forever gone, and the equitable interest, before contingent in the child, at once passed to the legal representatives of Emeline, because they had then an absolute, fixed right in equity to the future enjoyment of the estate, upon the death of John S. Spalding and Lucy R. Tenney. It was, however, still a matter of uncertainty who might be the legal representatives of Emeline, at the death of Spalding; but when he died, the contingent remainder at once vested in the legal representatives of Emeline, subject to the life estate of Lucy R. Tenney. These were her sister, Lucy E. Pomroy, and her brother, Amos J. Tenney. On the death of Amos J. Tenney, in 1855, his reversionary interest in Emeline's share of the remainder of her father's estate, subject to the life estate of Lucy R. Tenney, under the provisions of the trust deed, descended to his sons, Edward J. and George P. Tenney, who were thereafter the legal representatives of Emeline,

as respected the half of her reversionary interest. Upon
the death of Lucy R. Tenney, therefore, the equitable
estate belonged to her sister, Lucy E. Pomroy, and her
nephews, Edward J. and George P. Tenney.

As John S. Spalding died before the decease of Lucy
R. Tenney, and Ormond Dutton, the trustee, never re-
ceived any portion of the property, and does not now claim
to interfere in any way with the estate, he may be consider-
ed as having waived his legal right to have the funds pass
through his hands, and the same may properly be paid
directly to the *cestuis que trust.* Fearne on Remainders;
Preston on Estates; Hilliard's Abridgment, and other
authorities before cited.

The decree of the judge of probate, under the circum-
stances of the case, should have distributed one half of
Emeline E. Tenney's fourth of the funds in the hands of
the appellee, to her sister, Lucy E. Pomroy, and the other
half thereof to her two nephews, Edward J. and George
P. Tenney, to be shared equally between them, instead of
distributing the whole thereof to the administrator of her
deceased husband, John S. Spalding. It must, therefore,
be reversed, and a new decree entered instead thereof, dis-
tributing $902.13 of the balance of $2,405.70, in the hands
of the appellee, to Lucy E. Pomroy; $601.42 to Erastus
Glidden, administrator of Amos J. Tenney; $150.35½ to
Edward J. Tenney; $150.35½ to Charles M. Bingham,
guardian of George P. Tenney; $120.28 to the Domestic
Missionary Society; $120.28 to the American Bible Socie-
ty, and $120.28 to the American Education Society; to be
paid over to said several distributees upon and according
to the terms of the original decree.

The construction and effect we have given to Emeline
E. Tenney's deed of trust seem not only imperatively de-
maded by the language of that instrument, but alone
capable of carrying out her clearly expressed intention of
so vesting her interest in the remainder of her father's

estate under the will, subject to the life estate of Lucy R. Tenney, in her trustee, " as that the same should not be subject to the control of said Spalding after said marriage, nor subject to his debts."

As the appellants have prevailed in the whole subject matter of appeal, they are, of course, entitled to costs, as the prevailing party.

*Decree of judge of probate reversed.*