### WILLIAM TERRELL *et al.* v. ELIZA A. TERRELL.

Where three persons upon receiving a deed from their father J. T. made with him the following covenant: "That J. T. and his family shall have their home upon the land he has this day as executor of J. C., conveyed to them, and that he and his family shall have the use of all the personal property this day conveyed so far as is necessary for their use and convenience, and further, that they shall have a support out of what shall be made upon said land during the life of J. T.: *It was held,* That the limitation in the last sentence, "during the life of J. T." applied to all the clauses in the deed, and that after the death of J. T., his said sons were entitled to the possession and enjoyment of all the property conveyed by the deed.

When a defendant admits that the plaintiffs are the owners of the remainder in fee of the land sued for, but contends that he is tenant for life of the said land under a certain deed executed by the plaintiff, he cannot controvert the title of the plaintiffs to the land, but is confined to his claim under that covenant, and the validity of his claim to a life estate will depend upon a proper construction of it.

This was a CIVIL ACTION for the recovery of a tract of land, tried before his Honor, *Tourgee, J.,* at the Spring Term, of CASWELL Superior Court.

On the trial the plaintiffs derived title, 1. Under a deed from Jas. Terrell to John Crisp; 2. Under the will of John Crisp, their grandfather; 3. Under a deed from James Terrell, their father, as executor of John Crisp to them, dated 2d November, 1866.

The defendant admitted possession of the land in controversy, and admitted further that the plaintiffs had a fee simple title in remainder to said land, but claimed a life estate in it for the life of herself, or of any of her children who constituted the family of James Terrell, on the 2d day of November, 1866, under a deed of the plaintiffs to the said James Terrell, deceased, executed on that date. It was admitted that the defendant was the wife of James Terrell, and that she and her children constituted his family at that time. The claim of the defendant was under the following covenant contained in the said deed: John C. Terrell, William Terrell and Logan Terrell do hereby covenant and bind themselves and their heirs, &c., to and with James

Terrell, that James Terrell and his family shall have their home upon the land which he has this day as executor of John Crisp, deceased, conveyed to them, and that he and his family shall have the use of all the personal and perishable property this day conveyed to them so far as is necessary for their use and convenience, and further that they shall have a support out of what shall be made upon said land during the life of James Terrell.

It was insisted for the plaintiffs that the deed from them to James Terrell above mentioned, conveyed to the said James Terrell a life estate for his life only upon the land for the benefit of himself and his family, and that upon his death, which it was admitted had taken place, they were entitled to the possession of the land.

The defendant contended that the said deed conveyed to the said James Terrell and his wife and their children, who constituted his family when the said deed was executed, an estate for life in the said land to the said James Terrell, and to his wife and their children, and to the survivors of them. His Honor ruled in favor of the plaintiffs, and gave a judgment for them from which the defendant appealed.

*W. H. Bailey,* for the defendant.
*W. A. Graham,* for the plaintiff.

SETTLE, J.   This was an action for the recovery of land, and the only matter for our consideration is the construction of the following instrument:   "John C. Terrell, William Terrell and Logan Terrell do hereby covenant and bind themselves and their heirs, executors and administrators to and with James Terrell, that James Terrell and his family shall have their home upon the land which he has this day as executor of John Crisp, deceased, conveyed to them, and that he and his family shall have the use of all the personal and perishable property this day conveyed to

them so far as is necessary for their use and convenience, and further that they shall have a support out of what shall be made upon said land during the life of said James Terrell," which was signed and sealed by John C., William and Logan Terrell, on the 2d day of November, 1866.

The learned counsel who argued the case for the defendant in this Court suggested, that as the defendant was in possession of the premises, the plaintiffs could only recover by showing a perfect title, and this they had failed to do; that upon the death of Crisp, the ancestor, the land descended to his heirs, subject to a special power to the executor to sell to pay debts and legacies; that the executor had no such power as he had executed, and that the plaintiffs have not shown that they are the heirs and the only heirs of John Crisp. The argument is very ingenious, but it is evident from an inspection of the record that no such point was relied upon below, or intended to be presented here.

The case for the Supreme Court, signed by the defendant's attorney, recites that " the defendant admitted possession of the lands in controversy, *and admitted that the plaintiffs had a fee simple title in remainder to said lands,* but claimed a life estate in said lands for the life of the defendant or any of her children who constituted a part of the family of James Terrell, on the 2d of November, under a deed of the plaintiffs to the said James Terrell, deceased, executed the 2d of November, 1866."

The record then precludes the ingenious defense set up by the counsel of the defendant. She only claims such estate as she is entitled to enjoy under this deed, and we are unanimously of opinion that the limitation in the last sentence to-wit: "during the life of James Terrell," applies to all the clauses in the deed, and that upon the death of James Terrell the plaintiffs became entitled to the possession and enjoyment of all the property conveyed by the deed.

This we think the fair construction of the deed upon its face, without seeking for the intention of the parties *aliunde.* But when we look to the circumstances of the case and see that the plaintiffs were entitled to this property upon the death of their grand-father, and that any postponement of the enjoyment of the same was prompted by filial affection, it is hardly to be supposed that they intended to part with it for a longer period than the life of their father; especially if they be as poor as the defendant alleges, "wholly unable to satisfy any judgment that may be obtained against them."

Let it be certified that there is no error.

PER CURIAM.                    Judgment affirmed.