MARY H. HODGES v. JERE W. SPICER and others.

*Deeds of Gift—Re-execution of Lost Deed—Validity against Creditors—Evidence—Reservation of Life Estate—Specific Performance—Estoppel.*

1. Where A executed deeds of gift to B and C, his two sons and the deed to B was lost before registration, and afterwards by arrangement C conveyed his land to B, and A executed a deed to C for the land originally conveyed to B and in substitution for the first deed, reserving to himself a life estate therein ;

*It was held,* that if the original deeds to B and C were valid as to creditors when made, no subsequent exchange ;between them would affect the rights of creditors ; *and further,* that the deed to C relates back to the date of the deed to B which was lost, notwithstanding the reservation therein of a life estate by A.

2. In such case, upon an issue as to the validity of the deeds against creditors, the inquiry as to whether or not the grantor reserved property sufficient and available for the satisfaction of his debts, should be confined to the date of the original deeds.

3. In such case, creditors of A can not complain of the reservation of a life estate by him in the second deed.

4. The rule that equity will not compel a specific performance of a contract not founded on a valuable consideration, is confined to executory contracts or promises which rest *in fieri.*

5. A reservation in a deed that the grantor " is to retain possession of the above described lands during his natural life *or so long as he may desire it* for his own use and benefit" confers a life estate on the grantor.

6. The declaration of a grantor, made at a time subsequent to the execution of the deed, is not evidence against the grantee.

7. Where the grantees under a deed of gift were present at a sale of the land under execution against the grantor and made no claim to the land ; *It was held*, that they are not thereby estopped from asserting their title.

(*Plummer* v. *Baskerville*, 1 Ire. Eq. 252 ; *McCain* v. *Hill*, 2 Ire. Eq. 176 ; *Hodges* v. *Hodges*, 2 Dev. & Bat. Eq. 72; *Terrell* v. *Terrell*, 69 N. C. 56; *West* v. *Tilghman*, 9 Ire. 163 ; *Ward* v. *Saunders*, 6 Ire. 382 ; *Williams* v. *Clayton*, 7 Ire. 442, cited and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1877, of ONSLOW Superior Court, before *Seymour, J.*

The material facts are embodied in the opinion of this Court. The jury rendered a verdict in favor of defendants, and His Honor upon a question of law reserved gave judgment for the plaintiff and the defendants appealed.

*Messrs. A. G. Hubbard* and *H. R. Kornegay*, for plaintiff.
*Messrs. W. A. Allen* and *D. L. Russell*, for defendants.

BYNUM, J. By a family arrangement and for the purpose of advancing his children in life, on the 13th day of February, 1863, John F. Spicer, the father, by deeds duly executed, conveyed to his son John D. Spicer the eastern half of the land in controversy, and to Jere W. Spicer, another one, the western half. After the return of Jere from the army in 1865, the brothers exchanged their lots and John D. conveyed his eastern half to Jere by deed, and the deed to the western half made by the father to Jere having been lost before registration, by another arrangement of all parties and in pursuance of the contract of exchange, John F. Spicer, the father, executed another deed for the western half of the land to John D. Spicer. This latter deed was made the 14th of October, 1865, and was intended by the parties as a substitution for the lost deed of 1863.

At the time these deeds of 1863 and 1865 were executed, the bargainor John F. Spicer was indebted to the plaintiff as the surety of one Sanders for the sum of three thousand dollars or thereabout; which debt was reduced to judgment against the principal and surety in 1869, and in 1871 a levy on and sale of all the land so conveyed and alleged to be the land of John F. Spicer, was made by the sheriff and a deed therefor was executed to the purchaser who is the plaintiff in the action and brings this suit for the recovery of the same.

On the trial it was conceded by the defendants that their deeds could not be supported as conveyances for valuable consideration, but they alleged that they were prepared to show that at the time of making them in 1863 John F. Spicer retained property fully sufficient and available for the satisfaction of his then creditors. Bat. Rev., ch. 50, § 3. Two issues were thereupon submitted to the jury, first, did the bargainor, when he executed the deeds, retain property fully sufficient and available for the satisfaction of his debts, and second, if so did he execute said deeds in good faith or with an intent to delay, hinder or defraud his creditors, or to gain some ease or advantage for himself. The defendants' evidence upon the first issue was confined to the value of the bargainor's property at the time of the execution of the deeds of February, 1863; while the plaintiff contended that the inquiry should be confined to the date of the last deed—October, 1865—upon the ground, first, that the latter deed was a new contract and could have no relation back to the date of the lost deed, because it conveyed a different estate and to a different person, the lost deed being made to Jere, while the substituted one was made to John D. Spicer, and while the lost deed contained no reservation, and the substituted deed contained a reservation of an estate to the grantor. The Court admitted the evidence and that is the ground of one exception.

1. If the deeds of 1863 to the two sons were valid as to creditors when made, no subsequent exchange between the sons of the parts conveyed could affect their creditors, and if the substituted deed of 1865, reserved an estate to the grantor, clearly the creditors can not complain, for the estate so reserved became liable to execution, and instead of diminishing increased the assets of the debtor. If one of the sons consented to yield back a part of the estate originally conveyed, the creditors have no cause of complaint for that which is for their benefit.

The principal question then recurs,—does the deed of 1865 relate back for the purpose of this case to the date of the lost deed? If the grantee in the lost deed had the right in a Court of Equity to set up the lost deed and compel the grantor to execute another in its place, the grantor thereby had the right to do voluntarily what a Court of Equity would compel him to do. The general rule is that equity will not compel a specific performance of a contract not founded on a valuable consideration. But a distinction is drawn between executory contracts or promises which rest *in fieri*, and those agreements which are executed, the one class being enforceable only when founded on a valuable consideration, and the other requiring no consideration or only a meritorious one, as a provision for children for example. "If," says Adams, 79, 80, "the donor has perfected his gift in the way which he intended so that there is nothing left for him to do and nothing which he has authority to countermand, the donee's right is enforceable as a trust and the consideration is immaterial. Such for instance is the case where an instrument of gift has been fully executed although retained in the donor's possession." These principles we think govern our case, and authorize a Court of Equity to compel the grantor in a voluntary deed, to whom it was after execution redelivered for safe keeping, and by whom it was lost, (which is our case) to execute

HODGES *v.* SPICER.

another of the same import. The parties have done themselves what equity would have compelled them to do under its powers to enforce specific performance. *Plummer* v. *Baskerville*, 1 Ire. Eq. 252; *McCain* v. *Hill*, 2 Ire. Eq. 176; *Hodges* v. *Hodges*, 2 Dev. & Bat. Eq. 72. The deed in this case has relation back to that of 1863.

2. The deed of 1865 from John F. to John D. Spicer, contained this clause: " It is understood and agreed that the said John F. Spier is to retain possession of the above described lands and premises during his natural life, or so long as he may desire it for his own use and benefit." This clause was added after the execution of the deed proper, but was executed at the same time and with the same formalities as the deed, and must have the same effect as if it had been incorporated in the deed at its proper place. We have before seen that if the effect of this reservation is to give a legal estate to the grantor, it is for the advantage of his creditors, and the plaintiff has no cause of complaint. But the defendants insist that it has no such legal operation at least to the extent of giving a life estate to the grantor. As, however, the defendants accepted the deed and, as the proof is, assented to all its provisions, they must be content with such estate as the deed by a proper construction conveyed to John D. Spicer. The hitch is upon the alternative words used in the reservation " during his natural life, *or so long* as he may desire it," the defendants contending that this language at most gives the grantor only an estate at will, which is not the subject of execution sale. A freehold for life is defined to be,—" An estate in possession, remainder or reversion in corporeal or incorporeal hereditaments, held for life, or for some uncertain interest created by will or by some mode of conveyance capable of transferring an estate of freehold, which may last the life of the devisee or grantee, or some other person." Uncertainty of duration is thus seen to be, though not an essen-

tial, yet a common property of a freehold estate. If for instance an estate is granted to a woman *dum sola fuit*, or *durante viduitate*, or *quamdiu se bene gesserit*, or to a man and woman during coverture, or as long as the grantee will dwell in such a house, or so long as he pay a certain sum of money, or for any like uncertain time—*tempus indetermi-natum*, as Bracton calls it—in all these cases, if it be of ands or tenements in judgment of law, the lessee has an estate for life because possibly they might and probably would be co-extensive with the life of the grantee, thus constituting a distinction among estates for life, which are divisible into estates for life absolute, and estates for life determinable. Wharton's Conveyancing, 41; Co. Litt. 42 (a); 1 Cruise by Greenl. 102; 2 Bl. ch. 8; *Terrell* v. *Terrell*, 69, N. C., 56. Upon authority therefore the grantor had a life estate in the western half of the lands conveyed to John D. Spicer by the deed of 1865, and so the Court held upon the question of law reserved, and to that extent gave judgment against the defendants; and from that judgment the defendants appealed to this Court. The issues of fact were found in favor of the defendants, and the exceptions of the plaintiff taken during the progress of the trial will be disposed of in the next case, which is here upon her appeal.

No error.

PER CURIAM.                          Judgment affirmed.

NOTE:—In a case betwen the same parties upon the plaintiff's appeal:—

BYNUM, J: In the previous case between the same parties decided at this term upon the defendants' appeal, the main question involved in the action was disposed of, and it was there held that John F. Spicer under the deed of 1865 re-

tained a life estate in the one half of the land in dispute, and that for the purpose of this action that deed was to be considered as having been executed as of the date of the lost deed, for which it was intended to be a substitute. The inquiry for the jury was therefore properly directed to the value of the grantor's estate retained at the date of the execution of the deeds of 1863, and the good faith with which he made these deeds.

Upon the trial the plaintiff attempted to show that John F. Spicer, the grantor, was in possession of the Bermuda Island (being a part of the land in suit) in 1867 or 1868, by evidence that he received some rent from that place in these years, though he himself did not occupy the land. He then put this question to the witness: Did you hear John F. Spicer at any time in 1867 or '68, say for what purpose he had made the sale of land in question? The counsel stated his purpose to be to show that the grantor retained an interest in the Bermuda Island. Upon objection the question was ruled out. The declarations of a person who has executed a deed at a time subsequent to such execution are not evidence against the grantee. *Ward* v. *Saunders*, 6 Ire. 382; *Williams* v. *Clayton*, 7 Ire. 442. Moreover the grantor as we have decided did retain a life estate in one half the Island, and had the right both to receive rent for it or to reside upon the Island.

2. The counsel for the plaintiff asked the Court to charge the jury that by being present at the execution sale under which the plaintiff purchased, and not making any claim to the land, the defendants were estopped from asserting any title. The Court decided, first, that there was no evidence that the defendants were present at the sale, and second, that if they had been, they were not so estopped. That ruling certainly gives the plaintiff the benefit of the point.

---

---

The law is with His Honor.  *West v. Tilghman,* 9 Ire. 163. The verdict of the jury was for the defendants.

   No error.

,PER CURIAM.                          Judgment affirmed.