JOHN R. SAVAGE and others v. JOHN F. LEE and others.

*Deed—Estate of Freehold in futuro—Livery in Seizin abolished.*

1. An estate of freehold to commence *in futuro* can be conveyed by a deed of bargain and sale operating under the Statute of Uses, or by executory devise; *Therefore,* an estate to H. for life and at her death to her children in fee, reserving a life estate to the grantor, is good.

2. *Held further,* that, independently of the Statute of Uses, a deed under the act of assembly abolishing livery of seizin and substituting registration therefor, may operate to pass a freehold estate *in futuro.*

(*Hodges* v. *Spicer,* 79 N. C., 223; *Davenport* v. *Wynne,* 6 Ired., 128; *Sasser* v. *Blythe,* 1 Hay., 259; *Jones* v. *Potter,* 89 N. C., 220; *Hogan* v. *Strayhorn,* 69 N. C., 279, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of CHOWAN Superior Court, before *Shepherd, J.*

The following facts were agreed upon :·

1. Reddick Watson died in April, 1881, seized of a house and lot in the town of Edenton, leaving the plaintiffs his only heirs-at-law.

2. On the 2d day of February, 1866, he conveyed the said land by deed to Hannah Watson during her natural life, and at her death to her three children, Reddick, Florence. and Nicey Watson, in fee-simple, reserving to himself a life estate therein.

3. He was never married, and the children were the natural children of Reddick by the said Hannah.

4. Hannah died before Reddick Watson, leaving the said children surviving her, and they are now living.

5. The defendant Nicey is one of them. and is the wife of the defendant Lee.

6. The defendants are in possession of said land, claiming the same by virtue of said deed, and have refused after demand to deliver the possession to the plaintiffs.

If the court shall be of opinion with the plaintiffs, judgment is to be entered that they recover possession of the premises

described in the complaint, and that a jury assess their damages against the defendants for detention of the same, otherwise judgment is to be entered for defendants.

Judgment was rendered in behalf of the defendants, from which the plaintiffs appealed.

*Mr. W. A. Moore*, for plaintiffs.
*Mr. W. D. Pruden*, for defendants.

ASHE, J. · The sole question presented by the case agreed is whether the deed in question passed any estate to the defendants. The deed, which is sent up as part of the record, conveys in terms the land in controversy to Hannah Watson for life, and at her death to her three children, Reddick, Florence and Nicey Watson, in consideration of "their kind attention and as faithful servants to the vendor in sickness as well as in health," and for the further consideration of five dollars to the vendor in hand paid by the vendees, reserving to the vendor his life-time right in the premises. The deed was duly admitted to probate and registered, as appears by the certificate of the probate judge and register of deeds for the county of Chowan.

It is contended by the plaintiffs that the deed was void and passed no title to the defendants, because it conveyed an estate of freehold to commence *in futuro*. In other words, that one seized of an estate in fee-simple cannot convey the freehold to another and reserve a life estate in the land conveyed; that the effect of this deed was the same as if the bargainor had simply conveyed the land to the defendants to take effect and be enjoyed after his death; and that it is a rule of the common law that an estate of freehold cannot be created to commence *in futuro* except after an estate for years: it must take effect presently either in possession or remainder, for the reason that at common law no freehold in lands could pass without livery of seizin, which must operate immediately or not at all.

Conceding this to be the proper construction of the deed,

"yet deeds acting under the statute of uses, such as bargain and sale, covenant to stand seized, or a conveyance to uses, or even a devise, may give an estate of freehold to commence *in futuro;* as a bargain and sale to A and his heirs from and after Michaelmas Day now next ensuing, is good, and the use in the meantime results to the bargainor or his heirs." 2 Black., 166, note 2, citing 2 Prest. on Conv., 157, and Saunders on Uses and Trusts, 1 vol., 127, and 2 vol., 98.

At the common law a use might be raised by a deed of feoffment, but it was necessary to make livery of seizin to the feoffee. After the statute of Henry VIII. transferring the possession to the use, a new species of conveyance was introduced to avoid the trouble and inconvenience of going upon the land and making livery of scizin; as for instance, deeds of bargain and sale and covenant to stand seized, among others. By these conveyances, uses which are limited to arise on future events may be raised without any transmutation of the possession, the use resulting to the grantor until the event happens, and then the *statute executes the use.* 2 Washburn on Real Property, 286.

In *Wyman* v. *Brown,* 50 Maine, 139, after an elaborate and exhaustive review of the authorities on this question, in a case which involved the construction of a conveyance like that in this case, where the conveyance was not to take effect during the life-time of the bargainor, the supreme court held that an estate of freehold to commence *in futuro* can be conveyed by a deed of bargain and sale operating under the statute of uses, and to sustain the opinion of the court, the following, among other authorities, were relied upon:

" By executory devise and conveyances operating under the statute of uses, freehold estates may be limited to commence *in futuro.*" 1 Greenl., title 1, §36.

" Deeds operating under the statute of uses, such as bargain and sale, covenant to stand seized, or even a devise, may give an estate of freehold to commence *in futuro.*" 1 Chitty on General Practice, 306 ; 2 Black., 144, note 6.

" A bargain and sale to the use of D, after the death of S, is good." Gilbert on Uses (Sugden Edition), 163.

" By a bargain and sale or covenant to stand seized, a freehold may be created *in futuro.*" Cornish on Uses, 44. To which may be added *Rogers* v. *Eagle Ins. Co.*, 9 Wend., 611; *Bell* v. *Scammon*, 15 N. H., 381; 2 Wash. on Real Property, 617, §16; and note to 2 Smith's Leading Cases, 451; and to the same effect is 2 Minor's Inst., top page 425, 1-f.

But we need not go out of our own state for authorities. In *Davenport* v. *Wynne*, 6 Ired., 128, where there was a conveyance of real property upon the consideration of love and affection, reserving a life estate to the donor, it was held by this court that the conveyance was good; that it was a conveyance to stand seized to the use of the vendees on his death. To the same effect is *Hodges* v. *Spicer*, 79 N. C., 223. And in *Sasser* v. *Blythe*, 1 Hay., 259, overruling *Ward* v. *Ward*, 7 Mar. 28, a similar construction was given to an instrument of like import. In the note to that case Judge BATTLE says: " There cannot be the least doubt but that a covenant to stand seized to the use of another, after his own life, is good to pass the estate intended; for the law raises in the grantor an estate for life in the meantime to support the future estate. This has been decided in a vast number of instances. There is no point better established by the authorities." And he cites in support of the position, besides Coke, a number of English authorities.

*Jones* v. *Potter*, 89 N. C., 220, is another case where a deed with like reservation for the life of the donor was sustained. It is true the point was not raised in that case and not adverted to in the argument before the court, nor considered by us, for the reason, we suppose, it was thought to be a question too well settled to admit of controversy.

Our conclusion from the authorities is, that no matter which construction is placed upon the deed, whether a conveyance to commence *in futuro* or a remainder to take effect after the estate for life in the grantor, the deed is operative as a good bargain

and sale, to pass the legal estate, being founded upon a pecuniary consideration.

But independently of the statute of uses, we can see no reason why a deed in this state may not have the effect of passing a freehold estate *in futuro*. The reason why it could not be done at common law arose from the necessity of livery of seizin; but livery of seizin was abolished by our act of 1715, which declared that all deeds, acknowledged or proved according to law and registered in the county where the land shall lie, " shall be valid and pass estates in land, without livery of seizin, attornment or other ceremony whatever." *Ratione cessante, cessat et lex.*

The object of this statute, says Chief-Justice PEARSON in *Hogan* v. *Strayhorn*, 65 N. C., 279, "manifestly is to dispense with the ceremony of livery of seizin, to substitute registration of the deed in lieu thereof, and to allow title to be passed by the deed, which before had accompanied the livery of seizin, without that expensive and inconvenient ceremony." And it has been decided by this court that no deed is effectual to pass the title to land without registration.

We are of opinion there can be no question but that the title of the land described in the complaint passed to the bargainees by the deed of Reddick Watson. The judgment of the superior court is therefore affirmed.

No error.                                                    Affirmed.