McKnight v. The Iowa & Minnesota R. Construction Co.

---

McKNIGHT v. THE IOWA & MINNESOTA R. CONSTRUCTION CO.

1. **Railroads:** WHAT CONSTITUTES. A company which is engaged in the construction of a railway and to that end is running trains laden with gravel, is operating a railroad within the meaning of the statute.

2. ———: PERSONAL INJURY: WHO MAY RECOVER. One who was engaged in shoveling gravel from the train and had nothing to do with operating it was held entitled to recover for injuries happening to him through the negligence of the company or its employes.

*Appeal from Winneshiek Circuit Court.*

MONDAY, JUNE 12.

THE defendant is a corporation engaged in constructing a railroad. The plaintiff, while acting as employe of defendant,

was injured through the carelessness of a co-employe, and brings this action to recover. At the time of the accident the defendant was using a gravel train in its work of constructing a road-bed. The train had stopped and the plaintiff was shoveling off gravel, when it suddenly started without any signal being given, throwing the plaintiff off, and causing the injury sued for. Judgment for plaintiff. Defendant appeals.

*S. P. Adams, A. S. Jordan,* and *Willett & Wellington,* for appellant.

*Odell, Updegraff & Bullis,* for appellee.

ADAMS, J.—The defendant asked the court to give the following instructions:

"1st. The burden of proof is upon the plaintiff to establish by evidence that defendant is a corporation operating a railroad, and if you find from the evidence that defendant was engaged only in the business of filling in the road-bed, constructing side-tracks and riprap, such business would not constitute defendant a corporation engaged in operating a railroad; and in absence of proof that defendant was connected with the railroad whereon the injury complained of occurred, then you will find for the defendant.

"2d. The mere fact that the defendant used a train of cars, propelled and operated by a steam locomotive, for the purpose only of hauling gravel or other material to fill up the trestle work where the injury complained of took place, does not prove that defendant was engaged in operating a railroad."

These instructions the court refused to give, and instructed the jury as follows:

"4th. If you find that the defendant, at the time of the injury complained of, was operating the train in question on its own account for the purpose of constructing the railroad in question, then, for the purposes of this suit, you will find that it was operating a railroad."

"6th. If you find that the defendant, at the time of the injury, was operating the train in question on its own ac-

count, and that the plaintiff was an employe of defendant on said train, and that by the negligence of the defendant he was thrown from the train and injured, and that he did not by his own negligence contribute to the causes which produced his injuries, then he is entitled to recover."

The giving of these instructions, and the refusal to instruct as asked, are assigned as error.

The appellant contends, in the first place, that the defendant was not engaged in operating a railroad within the meaning of the statute. The statute upon this question is section 1307 of the Code, and is in these words: "Every corporation operating a railway shall be liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employes of the corporation."

The defendant was not operating the railroad in the sense of doing the business for which it was designed, the carrying of passengers and freight. It was merely running trains over it as a part of the means employed in building it. That there is a marked difference between the general management of the business and finances of a railroad and the running of a special train over it in repairing or constructing it by a company which does not control it, but is an employe or contractor under the company which controls it, cannot of course be denied. If we were to throw out of consideration the spirit and object of the statute, and look only to a critical construction of its language, we might concede that it would bear the meaning which the appellant would put upon it. The legislature, however, has seen fit, in consideration of the exceptional hazards of the business of operating a railroad, to abrogate in respect to that business the common law rule that an employe cannot recover against his employer for an injury received through the negligence of a co-employe. The running of a special train over a railroad is operating it in some restricted sense. For such purpose, as well as in the general business of the road, a number of persons must be employed, each dependent for his safety upon the skill and fidelity of the

others. We are of the opinion, therefore, that the running of special trains over a railroad by a construction company in constructing it, is operating the railroad within the meaning of section 1307 of the Code. But it is claimed that the plaintiff was engaged exclusively in shoveling gravel, and was not connected with the management of the train. The evidence shows, however, that he was shoveling gravel from the train, and was not less dependent for his safety upon the skill and fidelity of those who were managing it than if part of the management devolved upon himself. He is, therefore, entitled to recover. *Deppe v. C., R. I. & P. R. R. Co.*, 36 Iowa, 52.

AFFIRMED.