MOTT v. SOUTHERN RAILWAY COMPANY.

(Filed November 11, 1902.)

RAILROADS—*Negligence—Assumption of Risk—Issues—Acts* (*Private*), *1897, Chap. 56.*

It is error to submit an issue as to assumption of risk, where the cause of action is for injury sustained in the course of employment by a railroad employee.

ACTION by Chas. D. Mott against the Southern Railway
Company, heard by Judge *Thos. J. Shaw* and a jury, at May
Term, 1902, of the Superior Court of IREDELL County.
From a judgment for the defendant, the plaintiff appealed.

*Long & Nicholson, Armfield & Turner,* and *W. G. Lewis,*
for the plaintiff.
*F. H. Busbee,* for the defendant.

CLARK, J.    The plaintiff was injured while in the employ-
ment of defendant company.    He was ordered by one who
had a right to command him to aid a foreman to take a tire
off an engine, which tire weighed 800 or 1,000 pounds, and
had to be heated red hot to obtain the expansion necessary to
secure its removal.    The plaintiff alleges that while he was
engaged in helping to remove this tire, it slipped, by the neg-
ligence of defendant and its servants, as specified in the
complaint, and fell upon the iron bar the plaintiff was using,
crushing him and injuring him seriously.

The jury found, upon issues submitted to them, that the
plaintiff was injured by the negligence of the defendant, as
alleged in the complaint; that the plaintiff did not, by his
own negligence, contribute to his injury, and assessed the
plaintiff's damages at $500.    The Court submitted, over
plaintiff's objection, another issue: "Did the plaintiff assume
the risk of injury when he accepted service of the defendant?"
To the submission of this issue, the plaintiff excepted.    The
jury responded "Yes" thereto, and by reason of such response
the Judge rendered a judgment in favor of defendant, and
plaintiff appealed.

The submission of the issue as to assumption of risk was
error, the finding of the jury thereon is immaterial, and the
plaintiff is entitled to judgment upon the finding upon the
other issues.    The cases of *Coley v. Railroad,* 128 N. C.,

534, and same case on rehearing, 129 N. C., 407, are conclusive of this. Those cases have been cited as authority in *Thomas v. Railroad,* 129 N. C., 392; *Cogdell v. Railroad, Ibid.,* 398; *Ansley v. Tobacco Co.,* 130 N. C., 34; *Springs v. Railroad, Ibid.,* 186; besides other cases at this term. In Cogdell's case, *supra,* the point was made, and so ruled, that the Judge, under the authority of Coley's case, properly refused to submit an issue as to assumption of risk when the cause of action was for injury sustained in the course of his employment by a railroad employee.

The act, ratified 23 February, 1897 (printed for some reason not yet made public as chapter 56 in the Private Laws of that year), is as follows:

"Section 1. That any servant or employee of any railroad company operating in this State, who shall suffer injury to his person, or the personal representative of any such employee who shall have suffered death in the course of his services or employment with said company, by the negligence, carelessness or incompetency of any other servant, employee or agent of the company, or by any defect in the machinery, ways or appliances of the company, shall be entitled to maintain an action against such company.

"Sec. 2. That any contract or agreement, expressed or implied, made by an employee of said company, to waive the benefit of the aforesaid section, shall be null and void."

In *Coley v. Railroad,* 128 N. C., 534, Furches, C. J., after an able and full discussion of the above statute and its bearing upon the doctrine of assumption of risk, says (at page 541): "The greater part of the record, consisting of prayers for instruction and the Judge's charge, is predicated upon the first issue, *the assumption of risk,* which are *eliminated* by the view we have taken of the case. * * * The prayers of the defendant mainly, if not all of them, are addressed to the

assumption of risk, and it is not necessary for us to discuss them, after taking this view of the Act of 1897."

After full argument, and most careful consideration on rehearing, the Court reaffirmed (*Coley v. N. C. Railroad Co.,* 129 N. C., 407) the view expressed by the Chief Justice— Douglas, J., saying (page 409) that our statute is "an *unconditional abrogation* of the kindred doctrine of fellow servant and assumption of risk, as applied to railroad companies"; and on page 410, "We have, therefore, no hesitation in holding the Act of February, 1897, valid in its entiretly, and that it deprives all railroad companies operating in this State of the defense of assumption of risk, whether resting in contract express or implied, and whether pleaded directly or under the doctrine of fellow servant."

No case has ever been more thoroughly argued, and more carefully and deliberately considered, than *Coley v. Railroad.* It was argued before us by able counsel three times; first at September Term, 1900, and was carried over under an *advisari* to the Spring Term, 1901, when it was re-argued by leave of the Court, the opinion affirming Judge Hoke, who tried the cause below, being written by Chief Justice Furches. It was again argued on rehearing at Fall Term, 1901, the Court reaffirming its former decision in a well-considered opinion by Mr. Justice Douglas. And these opinions have since been approved in several cases, as already cited.

It was suggested here that the Act applied only to employees running the trains, but the language of the statute is both comprehensive and explicit. It embraces injuries sustained by "*any* servant or employee of any railway company, * * * *in the course of his services or employment with said company.*" The plaintiff was an employee, and was injured in the course of his service or employment.

The issue and finding thereon as to assumption of risk being irrelevant and immaterial, the cause must be sent back

with directions to enter judgment in favor of the plaintiff in accordance with the findings upon the other issues. *House v. House,* at this term.

Reversed.