SIGMAN v. RAILROAD CO.

(Filed April 26, 1904).

1. APPEALS—*Record—Dismissal—Case on Appeal—Rules of Supreme Court, Nos. 19 and 28.*

   Appeals will be dismissed where no index is sent up in the record and printed, and no marginal references prepared.

2. EXCEPTIONS AND OBJECTIONS—*Case on Appeal—Appeal—The Code, sec. 550.*

   The exceptions in a case on appeal must be briefly and clearly stated and numbered.

3. CASE ON APPEAL—*Summons—Pleadings—Verdict—Judgments.*

   In the case on appeal only enough of the record should be included to show that the case is properly constituted; and this, with the summons, pleadings, verdict and judgment, and the case on appeal setting out so much of the proceedings at the trial as will throw light upon the exceptions taken, is all that is necessary.

4. EXCEPTIONS AND OBJECTIONS—*Instructions—Appeal.*

   An exception that the court erred in its charge to the jury is too broad to be considered on appeal.

5. FELLOW-SERVANTS—*Railroads—Acts (Private) 1897, ch. 56.*

   The fellow-servant law applies to all railroad employees, whether injured while running trains or rendering any other service.

ACTION by E. M. Sigman against the Southern Railroad Company, heard by *Judge W. R. Allen* and a jury, at November Term, 1903 of the Superior Court of IREDELL County. From a judgment for the plaintiff, the defendant appealed.

*Furches, Coble & Nicholson* and *R. B. McLaughlin,* for the plaintiff.

*L. C. Caldwell,* for the defendant.

CLARK, C. J.   No index was sent up in the record and printed, nor any marginal references, as required by Rules 19 (2), 19 (3) and 28.   As provided by Rule 20 it was therefore optional with the Court to dismiss the action or to postpone its consideration, and in the meantime to refer the record to the Clerk "to put the record in the prescribed shape,' with an allowance to him of five dollars therefor, and an order that execution issue forthwith for that amount and for the cost of printing the additional matter.   The Court in this case chose the latter alternative.   But these rules are required for the prompt consideration of the business coming up to this Court, and if they are not carefully complied with it will become necessary hereafter to dismiss in cases of their non-observance.   The fullest notice to this effect has heretofore been given.   *Alexander v. Alexander,* 120 N. C., 472; *Lucas v. Railroad,* 121 N. C., 508; *Pretzfelder v. Ins. Co.,* 123 N. C., 164, 44 L. R. A., 424; *Baker v. Hobgood,* 126 N. C., 152, and *Brinkley v. Smith,* 130 N. C., 226, in which last attention is called to the fact that these requirements must be observed, even in pauper appeals, except only the requirement as to printing.

The record is also defective in not containing the marginal references required by Rule 21, nor are the exceptions "briefly and clearly stated and numbered" in the case on appeal, as required by The Code, section 550, and also by Rule 27.   This is imperative, and the attention of the profession is called to this requirement as to stating the exceptions in the case on appeal.   The statute and rule would not have been made if experience had not demonstrated that this provision was necessary for the prompt and orderly dispatch of the business coming before us.   On the other hand, some records infringe upon Rule 22 by sending up "irrelevant matter not needed to explain the exceptions or errors assigned."   *Durham v. Railroad,* 108 N. C., 399; *Mining*

*Co. v. Smelting Co.,* 119 N. C., 415; *Hancock v. Railroad,* 124 N. C., 228. As for instance, in some cases the transcript is incumbered with pages of entries of continuances from term to term, and other proceedings at terms prior to the trial term, which are often sent up when they throw no possible light upon the exceptions assigned. The appellate court does not need a complete history of the cause, but only enough of the record to show that the case is properly constituted, and the summons, pleadings, verdict and judgment (which are the "record proper") and the case on appeal (which should set out so much of the proceedings at the trial as will throw light upon the exceptions taken). The above when properly indexed, with marginal references, and printed, will present to the Court all that is necessary for the proper consideration of an appeal. More than this is an unnecessary expense to the appellant and a hindrance rather than a help to the Court, while less than the above moderate requirements is just ground for dismissal or other appropriate action. It is the duty of the appellant to see to it that the requirements as to the appeal are complied with. Cases cited, Clark's Code (3 Ed.), page 921.

The record in this appeal having been put in shape by the Clerk to whom the transcript was referred and the additional matter printed, the exceptions have now been fully considered. The first exception, that the Court erred in not nonsuiting the plaintiff at the close of the evidence, is without merit. The second exception is that "the Court erred in its charge to the jury." This is "broadside" and cannot be considered. See numerous cases collected in Clark's Code (3 Ed.), pages 513, 514, 773, 921. Neither the appellee nor the Court can be thus called on to grope through the entire charge when the appellant does not specifically point out by an exception wherein he has been hurt by an error therein.

It admits of some surprise that an exception in such terms should still appear in any case sent to this Court.

The other exceptions are to giving special instructions asked by the plaintiff, and for refusing certain instructions asked by the defendant, and for modification of the defendant's third prayer. Upon careful consideration of these matters we find no error therein and nothing requiring discussion in his opinion, as the propositions of law involved have been well settled by numerous decisions which the Judge below carefully followed.

The plaintiff was injured by the negligence of a fellow-servant while working upon and repairing a bridge of the defendant railroad. It is settled that the fellow-servant law, chapter 56, Private Laws 1897, applies to railroad employees injured in the course of their service or employment with such corporation, whether they are running trains or rendering any other service. In *Mott v. Railroad,* 131 N. C., at page 237, it is said: "The language of the statute is both comprehensive and explicit. It embraces injuries sustained (in the words of the statute) by '*any* servant or employee of any railroad company * * * *in the course of his services or employment with said company.'* The plaintiff was an employee and was injured in the course of his service or employment." To same effect, *Railroad v. Pontius,* 157 U. S., 209, cited with approval in *Tully v. Railroad,* 175 U. S., 352; *Railroad v. Harris,* 33 Kan., 416; *Railroad v. Kochler,* 37 Kan., 463; *Railroad v. Stahley,* 62 Fed., Rep., 363, and many other cases.

No Error.