## MABRY v. RAILROAD.

(Filed October 31, 1905).

*Railroads—Negligence—Liability of Lessor—Fellow Servant Act—Master and Servant.*

1. The North Carolina Railroad Company is responsible for actionable negligence of the Southern Railway Company done in the operation of the road under the former's lease, and in the exercise of its franchise.

2. One effect of the Fellow Servant Act (ch. 57, Private Laws, 1897,) is to abolish, so far as railroads are concerned, the doctrine known as the Fellow Servant Doctrine, and make the company responsible for the negligent acts of its employees in the course of their service or employment, when by reason of such negligence a fellow servant or other employee is injured.

ACTION by J. C. Mabry against North Carolina Railroad Company, heard by *Judge R. B. Peebles* and a jury, at the June Term, 1905, of the Superior Court of GUILFORD County.

This was an action to recover damages for personal injuries caused by the alleged negligence of the Southern Railway Company. The ordinary issues in actions for negligence were submitted. There was evidence of plaintiff tending to show that plaintiff, an employee of the Southern Railway Company, operating the defendant's road under a lease, while in discharge of his duty as such employee, was seriously injured by the negligence of two fellow servants, also in service of the same company, and so engaged at the time. There was evidence of defendant adverse to the claim of plaintiff. Verdict and judgment for plaintiff, and defendant excepted and appealed.

*Stedman & Cooke* for the plaintiff.
*King & Kimball* for the defendant.

HOKE, J.   It has been settled by repeated and well considered decisions of this court, that defendant company is responsible for actionable negligence of the Southern Railway Company, done in the operation of the road under defendant's lease, and in the exercise of its franchise. *Aycock v. Railroad,* 89 N. C., 321; *Logan v. Railroad,* 116 N. C., 940; *Harden v. Railroad,* 129 N. C., 354.   The Statute, chapter 56, Private Laws 1897, section 1, enacts: "That any servant or employee of any railroad company operating in this State, who shall suffer injury to his person, or the personal representative of any such servant or employee, who shall suffer death, in the course of his service or employment with said company, by the negligence, carelessness or incompetency of any other servant, employee or agent of the company, or by any defect in the machinery, ways or appliances of the company, shall be entitled to maintain an action against such company."

One effect of this statute is to abolish, so far as railroads are concerned, the doctrine known as the fellow servant doctrine, and make the company responsible for the negligent acts of its employees in the course of their service or employment, when by reason of such negligence, a fellow servant or other employee is injured.

We have carefully examined the record and the exceptions presented for our consideration, and find no reversible error in the charge of the court or the conduct of the trial.

The jury have accepted the version of the occurrence given by the plaintiff, and, taking this to be true, the plaintiff had a clear cause of action.

There is no error, and the judgment below must be

Affirmed.