LOUIS PATTERSON v. NORTH CAROLINA LUMBER
COMPANY et al.

(Filed 11 September, 1907).

**1. Negligence—Contributory Negligence—Employer and Employee—
   Defective Appliances—Assumption of Risks.**

  The care required of the employer in keeping his machinery,
  etc., in a reasonably safe condition for the protection of those
  employed to perform a stated service does not extend, and no lia-
  bility attaches to an act done by an employee of his own volition,
  outside of the scope of his employment, whereby he was injured
  by a defective machine, for therein the employee assumes all risk
  of injury.

**2. Same—Instructions.**

  It is error in the Court below, upon proper evidence, to refuse
  to instruct the jury that where an employee undertakes to do
  an act outside of the scope of his employment the master is not
  negligent, and if the jury find from the evidence that plaintiff was
  thus acting when injured, they will answer the issue as to negli-
  gence "No."

THIS was a civil action which was tried before *Lyon, J.,*
and a jury, at March Term, 1907, of HALIFAX Superior
Court.

The plaintiff was employed by the defendant to straighten
boards in its planing mill. He alleged, and there was evi-
dence tending to prove, that where any employee who op-
erated a planing machine called upon him to take his place
while he was absent, he had been ordered by the manager to
do so; that McWynn, who had charge of one of the planers,
left his place and requested the plaintiff to operate the machine
while he was away. Plaintiff undertook to do so, and while
feeding the machine his hand was cut and lacerated by a
revolving cylinder, the machine being, as he alleged, in a de-
fective condition; and to recover damages for the injury he
brings this suit. There was evidence tending to show that
the plaintiff had received no order to take McWynn's place,

but that his duty was confined to straightening the boards. Among the several instructions requested by the defendant was the following: "Where an employee undertakes to do something not his duty to do, the master is not negligent; and if the jury should find from the evidence that the plaintiff was acting outside the scope of his employment when he was injured, they will answer the first issue (as to negligence) 'No,' and the second issue (as to contributory negligence) 'Yes.'" This instruction was refused, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*George C. Green* and *Albion Dunn* for plaintiff.
*Day, Bell & Allen* and *F. H. Busbee & Son* for defendant.

WALKER, J., after stating the case: We think the defendant was clearly entitled to the instruction which was refused. Where the employee steps outside the line of his duty or goes beyond the scope of his employment and does something he is not required to do, he cannot recover from his master for any consequent injury, for in that particular he is not his servant, and his contract does not provide for the new risk which he thus assumes and to which he exposes himself. The result is the same where the servant, without the order or request of his employer or his representative, or contrary to his orders, or at the request of another employee who has no authority from the master to make it, undertakes to do something not assigned to him. In such a case he assumes all the risk of injury. The master contracts to exercise ordinary care for the purpose of keeping his premises, his machinery, his tools and his appliances in a reasonable condition of safety for the protection of his servant employed to perform a stated service, and who is entitled to that protection while engaged in his work and so long as he continues therein and

confines himself to what he is employed to do. The duty of the master to furnish safe and suitable implements and appliances, which due care for the protection of his servant would suggest, extends only to those employees who are required, permitted or expected, in the course of the employment, to make use of the instrumentalities provided by him, or who, while in the performance of their work, may be injured by them if they are defective. Where the servant departs from the sphere of his assigned duty, the relation of master and servant is considered as temporarily suspended. The servant's position is, then, analogous to that of a trespasser, or, perhaps, of a bare license, and his master owes him no duty, nor is he under any legal obligation to anticipate his deviation from his instructions and the possible danger which may arise to him therefrom, and, consequently, to provide means for averting it. The servant becomes a volunteer as to the particular act which is outside the scope of his service and which he attempts to perform. He must, therefore, take things as he finds them and suffer the consquences of his own error. The master cannot be held liable therefor, as the law will not, on obvious grounds of justice, compel the master to answer in damages for any injury which the servant has brought on himself by undertaking to do that which he was not directed or required to do, and it refers his injury not to the fault of the master, but to his own unnecessary and gratuitous act. Where the servant leaves his own work to do something else for which he was not engaged, the duty of the master towards him reaches its vanishing point, as it has been said, at the moment of the transition, and his corresponding liability for a resulting injury disappears. There being no longer a contractual or legal relation imposing any duty on the master, for a breach of which he would be liable, it follows that there is nothing upon which to rest any claim for damages, because no cause of action arises from a failure to perform a mere act of humanity, or for the violation simply of a moral obliga-

tion not involving any legal duty. This principle is well established, if not elementary. It is grounded in wisdom and justice, it is perfectly fair to the master and to the servant, and, moreover, is supported by the highest authority. 4 Thompson on Negligence, secs. 4677, 4678; *Whitson v. Wrenn,* 134 N. C. 86. It has been crystallized into one of the leading maxims of the law, for in applying the same doctrine in the case last cited (page 90), we said: "The plaintiff in this case has simply done something which his master virtually told him not to do. He substituted his own will for that of his employer, and his case comes within the maxim, *volenti non fit injuria."* There are other expressions in that case, illustrating the principle, which are directly applicable to the facts of this one. *Mallor v. Mfg. Co.,* 150 Mass., 362 (*s. c.,* 5 L. R. A., 792); *Railway v. Hall,* 105 Ala., 599; *Allen v. Hixson,* 111 Ga., 460; *Parent v. Mfg. Co.,* 70 N. H., 1199; *Walker v. Railway,* 104 Mich., 606. The recent case decided in this Court of *Martin v. Mfg. Co.,* 128 N. C., 264, is exactly in point. The identity of the two cases is striking.

Applying the principle we have stated to the facts of this case, we conclude that there was proof to sustain a finding for the defendant under the instruction, which was refused, namely, that the plaintiff had left the place of his work and, as a favor to McWynn, had undertaken to perform his duty in feeding the machine, when he was hurt, and the fact that there was evidence to the contrary cannot deprive the defendant of the right to have the disputed question submitted to the jury. It only made it the more necessary that such a course should have been taken. We have just held that if a special instruction is asked as to a particular phase of the case presented by the evidence, it should be given by the Court in substantial conformity to the prayer. *Baker v. Railroad,* 144 N. C., 36 (56 S. E., 553). We so hold in this case, as the rule is manifestly a just and most reasonable one. *Horne v. Power Co.,* 141 N. C., 50, and cases cited. We have ex-

amined the general charge of the Court with the greatest care, and can find therein no substantial or adequate response to the rejected prayer, if there is any reference to it at all, and we think there is not. The charge, therefore, does not supply the omission to give the special instruction. The refusal to give the instruction which the defendant requested was error and entitles it to another trial. The questions involved in the other errors assigned may not again be presented, and for this reason we forbear to discuss them.

New Trial.