J. H. O'NEAL v. SOUTH AND WESTERN RAILROAD COMPANY.

(Filed 27 April, 1910.)

**Master and Servant—Fellow-servant Act—Uncompleted Railroad.**

> One who is injured by the negligent acts of a fellow-servant while working as a blacksmith for a force engaged in building bridges for the construction of a railroad cannot recover of the master, for, to bring his action within the meaning of the fellow-servant act, he must show that he received the injury in performing a required service necessary to or connected with the use and operation of a railroad.

APPEAL from *Jones, J.,* at November Term, 1909, of SURRY.

Civil action to recover damages for personal injury. A motion in apt time was made to nonsuit the plaintiff, and was sustained. The plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court.

*R. C. Freeman, Folger & Folger* and *W. F. Carter* for plaintiff.

*J. Norment Powell* and *J. J. McLaughlin* for defendant.

BROWN, J. Taking all the evidence in its most favorable light for the plaintiff, it tends to prove that he was employed by one Ellis, foreman of the masonry force of defendant, as a blacksmith for the construction forces of defendant at Camp Ten, near Marion, N. C. Plaintiff and two fellow-servants were endeavoring to hang up a coil of rope weighing from two to three hundred pounds upon a peg in the tool-house. For some reason unexplained the fellow-servants let fall the coil on plaintiff's shoulders and injured him.

Omitting any discussion of the question of negligence, it is

plain that if any negligent act caused the injury, it was the act of a fellow-servant, for which the defendant is not liable.

According to all the evidence, the road was being constructed, not operated. ˗ To use a nautical term, the "ship was not in commission." The plaintiff was employed as a blacksmith. on the construction force.

While it is not necessary to prove that the plaintiff was injured by a fellow-servant while actually on a train or operating it, it must appear, to bring the case within the railway fellow-servant act, that he was injured while performing a service necessary to or connected with the operation of the railway as a common carrier.

This plaintiff was not performing a service necessary to or connected with the use and operation of a railroad. He was the blacksmith for a force engaged in constructing bridges, and was hurt while attempting to hang up a coil of rope, twenty miles from the then terminus of the railroad.

The law governing the case is so fully stated in the opinion of this Court by the Chief Justice in *Nicholson v. R. R.,* 138 N. C., 516, that it is unnecessary to further discuss the subject.

Affirmed.