## J. W. TWIDDY v. DARE LUMBER COMPANY.

(Filed 22 February, 1911.)

1. **Railroads—Fellow-servant Act—Scope—Interpretation of Statutes.**

   While the provisions of the Fellow-servant Act, Revisal, sec. 2646, do not extend to a railroad in process of construction before it is operated as a railroad, it does apply, when the railroads are in operation, to their employees in the course of any department of the work embraced in or incidental to the operation of the road.

2. **Same—Lumber Roads.**

   The provisions of the Fellow-servant Act, Revisal, sec. 2646, apply to lumber roads that operate a railroad, and with full force and effect to all their employees in the course of their service in the operation of the railroad, or any department of it.

3. **Same.**

   The provisions of the Fellow-servant Act do not extend to employees of a lumber company who are not connected with the operation of a railroad of the company.

4. **Same—Evidence—Actionable Negligence—Accident.**

   Plaintiff in the line of his duty was sawing at one end logs for the defendant, at its lumber plant, which logs were to be placed on defendant's railroad car by appliances run by steam, known as a "skidder" and a 'loader." The other ends of the logs were sawed by other of defendant's employees, and the negligence complained of was the failure of these other employees to give plaintiff notice that a log, which rolled upon plaintiff, to his injury, was about to do so. There was no evidence that plaintiff was a part of a train crew or directly engaged in operating the "skidder" or the "loader": *Held*, the Fellow-servant Act, Revisal, sec. 2646, has no application. *Semble*, the injury resulted from an accident, and there was no actionable negligence shown on the part of the defendant.

APPEAL from *J. S. Adams, J.*, at Fall Term, 1910, of DARE.

Civil action to recover damages for injury caused by alleged negligence on the part of defendant company.

The jury rendered the following verdict:

1. Was plaintiff injured by the negligence of defendant, as alleged? Answer: Yes.

2. Did plaintiff contribute to his own injury by his negligence, as alleged in the answer? Answer: No.

3. Was the defendant injured by the negligence of a fellow-servant, as alleged in the answer? Answer: ....

4. What damage, if any, is plaintiff entitled to recover? Answer:

Damages up to the present time.............$1,000
10 years, 200 days to the year, $1.00 per day... 2,000
5 years, 200 days to the year, .75 per day... 750
5 years, 200 days to the year, .50 per day... 500

$4,250

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*B. G. Crisp and Winston & Matthews for plaintiff.*
*Ward & Grimes and D. M. Stringfield for defendant.*

HOKE, J. The evidence tended to show that defendant, an incorporated lumber company, under its charter and in furtherance of its business was operating a steam railroad, the chief purpose being to carry the logs from the woods to defendant's mill. That on or about 2 October, 1908, the plaintiff, an employee of the company, was seriously injured, while engaged in sawing logs in a loading yard of the company. That in this part of the work the custom was that after or as the timber was felled in the woods, the logs were dragged to a convenient position near the railroad track by means of a skidder, a stationary machine placed close to the track, operated by steam, and in connection with this machine, or as a part of it, there was also a "loader" which picked up the logs and placed them on the cars after they had been sawed into proper lengths for the purpose. That plaintiff was one of a gang of hands engaged in sawing these logs into the lengths required, and at the time of the injury he, with another hand, was working on a log with a cross-cut saw and was hurt by the log's rolling around on his leg and crushing it, the log having been cut through at the other end by two hands engaged in a like service. The negligence

imputed to defendant was the failure of the employees at the other end of the log to give plaintiff proper and timely warning that the log was about to roll, and the objection chiefly urged to the validity of the trial was that in determining the question of defendant's responsibility in this aspect of the evidence, the judge allowed the jury to consider the case as affected by our statute in reference to negligence of fellow-servants. This statute, Revisal, sec. 2646, on matters relevant to the present inquiry, provides, "That any servant or employee of any railroad company operating in the State, who shall suffer injury to his person . . . in the course of his services or employment with such company by the negligence, carelessness, or incompetence of any other servant, employee, or agent of the company, etc., . . . shall be entitled to maintain an action against such company."

Construing this statute, the Court has frequently held that its force and effect was to abolish, so far as railroads were concerned, the doctrine known as the fellow-servant doctrine, and make the company responsible for the negligent acts of its employees in the course of their service and employment. *Mabry v. R. R.,* 139 N. C., 388. And we have held further, that while the act does not extend to a railroad company in process of construction and before operations commence (*O'Neal v. R. R.,* 152 N. C., 404; *Nicholson v. R. R.,* 138 N. C., 516), as to all railroads being operated in the State, it applies to their employees in the course of any department of the work embraced in or incidental to the operation of the road. Referring to this question in *Nicholson's case, supra,* the Court, among other things, said: "In *Mott v. R. R.,* 131 N. C., 237, it was sought to curtail and restrict the act so that it should apply only to railroad employees engaged in operating trains, but the Court held to the contrary, and said, 'the language of the statute is both comprehensive and explicit.' It embraces injuries sustained by (quoting the act) 'any servant or employee of any railway company . . . in the course of his services or employment with said company.' The plaintiff was an employee and was injured in the course of his service or employment." In that case the plaintiff, working in the repair shops, was injured by

the negligence of a fellow-servant while removing a red-hot tire from an engine, and it was held that he could recover. The same ruling was repeated in *Sigman v. R. R.,* 135 N. C., 184, where it is said: "The plaintiff was injured by the negligence of a fellow-servant while working upon and repairing a bridge of the defendant railroad. It is settled that the fellow-servant law, chapter 56, Private Laws 1897, applies to railroad employees injured in the course of their service or employment with such corporation, whether they are running trains or rendering any other service."

The Court has also held in many well-approved decisions that these lumber roads, to the extent that they operate a railroad, are and should be considered as railroads, and that the statute in question as construed and applied extends in full force and effect to all employees in the course of their service in the operation of the company's railroad or any department of it. *Thomas v. Lumber Co.,* 153 N. C., 351; *Blackburn v. Lumber Co.,* 152 N. C., 361; *Bissell v. Lumber Co.,* 152 N. C., 123; *Snipes v. Mfg. Co.,* 152 N. C., 42; *Sawyer v. R. R.,* 145 N. C., 27; *Hairston v. Leather Co.,* 143 N. C., 512; *Liles v. Lumber Co.,* 142 N. C., 39; *Hemphill v. Lumber Co.,* 141 N. C., 487; *Simpson v. Lumber Co.,* 133 N. C., 96; *Craft v. Lumber Co.,* 132 N. C., 156. But this position, though fully established and sustained by these and many other decisions that could be cited, does not extend the effect of the fellow-servant statute to employees of lumber companies, who are in no way connected with the operation of these railroads. The act, in terms, uses the words "railroad companies," and no other, and may not be applied to employees who are engaged in the lumbering features of the business. In the case before us, as we interpret the testimony, the plaintiff was properly in the lumbering department of the business. So far as the evidence now discloses, he was not a part of the train crew, nor was he directly engaged in operating either the skidder or the loader, and, while he was at the time at work on a loading yard, he was, as stated, engaged in the lumbering features of the work and could, in no proper sense, be considered an employee of a railroad or any department of it. We are of opinion, therefore, that the act in

question has no application, and there was error in allowing the jury to determine the question of defendant's responsibility as in any way affected by it.

While we have specially considered and passed .upon the operation of the fellow-servant act, because that was the exception chiefly discussed before us, we deem it not amiss to say that, on the facts as they now appear, there does not seem to have been an actionable wrong established against the defendant company, but the evidence tends rather to disclose one of those unfortunate but unavoidable accidents which sometimes occur in heavy work of this character and bringing the case within the principle considered and applied in several recent decisions of the Court, as in *Brookshire case,* 152 N. C., 669. For the error indicated, then, defendant is entitled to a new trial, and it is so ordered.

New trial.