R. C. JACKSON v. AYDEN LUMBER COMPANY.

(Filed 27 March, 1912.)

1. **Master and Servant—Negligence—Logging Machines—Evidence.**

Evidence that defendant's employee was injured at defendant's skidder, which was drawing in a log, by the wire rope, which was used for the purpose, slipping over a stump 2 feet high, around which it was being worked, at a distance from the skidder of 25 feet, the angle of the rope from the top of the skidder to the stump being about 90 degrees; that the recoil of the rope struck a small elm, which it broke and hurled on the plaintiff to his injury, where he was engaged in the scope of his employment, is sufficient upon the question of actionable negligence, as this situation was liable to cause the cable to slip over the stump unless a notch had been cut into the stump to prevent it, or other available means had been used to that end.

2. **Master and Servant — Logging Machines — Contributory Negligence—Evidence.**

The plaintiff was employed by the defendant to look after the engines used to operate a skidder and loading machine for logs. On this occasion he had stopped his engine, notified the skidder engineman where he was going, and went in front of the opera-

tions to talk to his superintendent about some repairs necessary for an engine, and while there was injured by the negligent use of a rope for hauling up a log for loading on a railroad car, which was being operated without the customary signals or warnings: *Held*, (1) the case was properly submitted on this ʼevidence to the jury on the issue of contributory negligence; (2) the plaintiff was injured in the course of his employment and is entitled to recover under the fellow-servant act.

### 3. Appeal and Error—Instructions—Vague Exceptions.

An exception that the trial judge "failed to state in a plain and ·correct manner the evidence, and declare and explain the law arising thereon as required in the statute, Revisal, 535," is too general and cannot be sustained.

BROWN, J., dissenting; WALKER, J., concurring in dissent.

APPEAL from *Cline, J.*, at October Term, 1911, of WASHING-TON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark*.

*Ward & Grimes for plaintiff.*
*F. C. Harding, Davis & Davis for defendant.*

CLARK, C. J. The defendant in operating its railroad for hauling out logs used two kinds of machines, one a skidder to draw in the logs and the other a loading machine to lift them up on the cars. The plaintiff's duties were to look after the engines of both these machines, to keep them in repair and to operate the loading engine. The superintendent came through the woods, across the railroad, in front of the operations. The plaintiff stopped his engine and went up the track a few yards to meet and confer with him about repairs on one of the engines. They sat down together on a log on the opposite side of the track. The plaintiff had notified the skidder engineman where he was going. The skidder kept up its operations to bring in a gum log. In order to get a log to the car, which it could not draw along the track for fear of tearing up the cross-ties, it had to be swung to a side position by a rope from the skidder around a fulcrum stationed to one side of the track. This rope was a wire cable and wound around a drum 25 or 30 feet above the floor of the skidder. From this elevation the cable was

placed over a stump about 2 feet high, 25 feet from the track, and carried around the gum log, to which it was attached by grab-irons, so that the power of the engine would swing the log around the stump, whence it would be dragged straight to the side of the skidder. When the power was put on the engine the rope slipped over the stump and the cable in its rebound struck a small elm tree, which it broke and hurled across the track on plaintiff's back and neck, seriously injuring him. The exceptions are for the refusal to nonsuit and for errors in the charge. But they all present practically the same questions, to wit: (1) Was there evidence of negligence on the part of the defendant? (2) Was the plaintiff guilty of contributory negligence? (3) Was the plaintiff within the scope of his employment at the time?

There was evidence which, if believed, tended to show negligence on the part of the defendant. The rope was thrown around a stump less than 2 feet high, standing 25 feet from the skidder. This rope went to the skidder at an angle of about 90 degrees. Such a situation was liable to cause the cable to slip over the stump unless a notch was cut in it deep enough to prevent this. There was also evidence that a tree had been left nearby for the purpose of being used as a fulcrum, but this stump was used instead, probably because it was less trouble to lift the wire over the top of the stump. From this evidence the jury might well find that the defendant was negligent.

Upon the evidence, the jury found that the plaintiff was not guilty of contributory negligence. He was talking to the superintendent about the business and on the opposite side of the track. There was evidence that it was usual to blow a signal when the engine began to pull on a log under such circumstances, and testimony tending to show that such signal was not given.

The plaintiff was at the scene of operations and engaged in consulting the superintendent and was therefore in the scope of his employment.

The defendant relies strenuously upon *Twiddy v. Lumber Co.*, 154 N. C., 237, which held that the fellow-servant act does not extend to employees of a lumber company who are not con-

nected with the operation of a railroad of the company. In that case there was "no evidence that the plaintiff was part of the train crew or directly engaged in operating the skidder or the loader." In that case it was further said, quoting with approval from *Nicholson v. R. R.,* 138 N. C., 516: "In *Mott v. R. R.,* 131 N. C., 237, it was sought to curtail and restrict the act so that it should apply only to railroad employees engaged in operating trains, but the Court held to the contrary, and said 'the language of the statute is both comprehensive and explicit.' It embraces injuries sustained by (quoting the act) 'any servant or employee of any railroad company . . . in the course of his services or employment with said company.' The plaintiff was an employee and was injured in the course of his services or employment." In *Mott's case* the plaintiff, working in the repair shops, recovered damages for the negligence of a fellow-servant while removing a red-hot tire from an engine. In *Sigmon v. R. R.,* 135 N. C., 184, it was held that a railroad employee injured in the course of his service or employment with such corporation is entitled to recover under the fellow-servant act, whether running trains or rendering any other service.

These and other like cases are cited in *Twiddy v. Lumber Co., supra.* In that case it was held that Twiddy could not recover because it was not shown that he was "a part of the train crew, nor that he was directly engaged in operating either the skidder or loader," and "could in no proper sense be considered an employee of the railroad or in any department of it." In the present case the plaintiff was directly engaged in the operation of the railroad for the purpose of hauling logs, which was its business, and while so engaged and in the scope of his employment he was injured, as the jury finds, by the negligence of a fellow-servant.

The last assignment of error, that his Honor "failed to state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon, as required in the statute" (Revisal, 535), is too general and cannot be sustained. *Davis v. Keen,* 142 N. C., 496.

No error.

BROWN, J., dissenting: I am of opinion, upon examination of the evidence in this case, that the injury of the plaintiff cannot fairly be attributed to any negligent act upon the part of the defendant company. On the contrary, I think it was a pure accident, which reasonable foresight could not guard against.

At the time plaintiff was struck by the cable, he was away from his place of duty, and the evidence does not show any reason or justification for it. The plaintiff was the engineer in charge of the skidder engines on the platform.

On the occasion when the plaintiff was hurt by the slipping of the rope over the stump, he had left his post of duty and had walked up the track a distance of 40 yards to meet one Robertson, and they were sitting upon a log 6 feet from the track and on the opposite side of the track from where the log was being "snaked" in. There is no evidence whatever that the plaintiff left his post of duty in the company's service, or to perform any duty for it. *Holland v. R. R.,* 143 N. C., 437; *Patterson v. Lumber Co.,* 145 N. C., 42.

Assuming that the evidence discloses that the plaintiff was injured by the negligent act of some one, it is plain to my mind that it was the act of a fellow-servant, for which the defendant is not responsible.

The plaintiff was not injured in the conduct of any railroad operations. It is well known that a log skidder is no part of a railroad outfit. It is used and operated by lumber companies that have no railroad tracks and transport their logs by water.

At the time of the injury the witness Corey says that the men gave him the signal to take up the slack in the rope, which he did, and then Ellis flagged Corey to go ahead. Then Corey started the engine again, and drew the rope tight, which caused it to slip over the top of the stump and strike the elm tree, about 8 inches in diameter, and threw the tree over on the plaintiff, who was 20 or 25 feet from it.

No human foresight could guard against such an accident as this, but if it was any one's duty to do it, it was Corey's, and he was the fellow-servant of Robertson.

SKIPPER *v.* LUMBER CO.

This Court has held in many decisions that these lumber roads to the extent that they operate railroads are to be considered as railroads, and that the statute denies them the benefit of the fellow-servant doctrine; but this ruling does not extend to employees of lumber companies while they are engaged in the operation of their logging and lumbering plants. This question is discussed at large by *Mr. Justice Hoke* in the case of *Twiddy v. Lumber Co.,* 154 N. C., 237, which is on all-fours with the case at bar, and should govern its decision.

I am authorized to say that *Justice Walker* concurs in this dissent.