J. M. McDONALD v. THE RANDOLPH AND CUMBERLAND RAIL-
WAY AND THE RALEIGH, CHARLOTTE AND SOUTHERN RAIL-
WAY COMPANY.

(Filed 27 May, 1914.)

1. Railroads — Crossings—Collisions—Trials—Negligence—Evidence
   —Charge of Train—Questions for Jury.

    · The plaintiff, in his action to recover damages for a personal
    injury against two railroad companies whose tracks crossed each
    other at a grade level, was a section foreman of one of them,
    and in construction work ordinarily had charge of the train of ·
    his company. While riding on his train, in front on a flat car, ·
    it came into collision, at the crossing, with the train of the other
    road, under circumstances fixing the employees in charge of
    both trains with actionable negligence. There was evidence in
    plaintiff's behalf that at that particular time and under the cir-
    cumstances then existing he was not in charge of his employer's
    train, but that the engineer thereon had sole charge thereof:
    *Held*, the fact of collision was evidence of actionable negligence,
    and it was for the jury to determine, under proper instructions
    from the court, whether upon the evidence · the plaintiff was
    chargeable with such negligence as would bar his recovery.

2. Railroads—Construction of Road—Operation—Fellow-servant.

    Where a railroad company, constructing a line of road, regu-
    larly operates its train, for its own purposes, over a part thereof,
    carrying its own freight and its employees, it is, as to such part,
    an operating railroad within the meaning of the fellow-servant
    act, and is liable in damages for an injury caused thereon to one
    of its servants by the actionable negligent act of his fellow-
    servant.

3. Railroads — Collisions—Negligence—Contracts—Trials—Evidence
   —Primary Liability.

    Where two railroad companies are jointly sued for damages
    for a personal injury caused by the negligent acts of the em-
    ployees on the trains of each of them at a crossing, resulting in
    a collision which caused the injury complained of, any contract
    or agreement between these companies relating to their liability
    under such circumstances affects only the question of primary
    liability between themselves, and not the right of the plaintiff to ·
    recover against both of them.

APPEAL by defendant from *Shaw, J.*, at January Term, 1914,
of MOORE.

There was evidence tending to show that, at Hallison Station, Moore County, the two defendant roads crossed each other at grade, and that, on 29 July, 1912, in the daytime, the plaintiff, an employee as section foreman of the defendant the Randolph and Cumberland Railway, while on a flat car in front of the engine of a train of that company, going back to Hallison, was seriously injured in a collision on the crossing, between trains of the two defendants; that both trains reached the crossing at practically the same time, and both were badly damaged; that neither train stopped for the crossing, and that the engineer of either train could have seen that a collision was likely unless one or the other of the trains should stop.

Liability was denied by both companies on several grounds, and, on issues submitted, the following verdict was rendered:

1. Was the plaintiff injured by the negligence of the defendant the Randolph and Cumberland Railway Company, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his own injury, as alleged in the defendant's answer? Answer: No.

3. Was the plaintiff injured by the negligence of the defendant the Raleigh, Charlotte and Southern Railway Company, as alleged in the complaint? Answer: Yes.

4. Did the plaintiff, by his own negligence, contribute to his own injury, as alleged in defendant's answer? Answer: No.

5. What damage, if any, is the plaintiff entitled to recover? Answer: $2,000.

Judgment on the verdict for plaintiff, and defendants excepted and appealed.

*G. W. McNeill and H. F. Seawell for plaintiff.*
*C. M. Muse and R. L. Burns for defendant.*

HOKE, J. There was ample evidence to sustain the verdict of culpable negligence, as to both defendant companies, and, on the record and so far as plaintiff is concerned, there is very little to be said in mitigation of liability on the part of either. All the evidence tends to show that a collision occurred at a grade crossing in the daytime; that neither train came to any

stop at the crossing, but entered therein at the rate of 15 miles an hour, an act of itself amounting to negligence by the weight of well-considered authority (2 Thompson on 'Negligence, sec. 1403; 6 Cyc., p. 624; Elliott on Railroads, sec. 1132); and it further appeared that, under conditions shown to exist, the engineer of either road, if properly attentive, could have seen that the other train was approaching the crossing in time to have avoided a collision, and there is direct evidence that at least one of them knew the fact.

It is urged on the part of both defendants that the recovery should not be allowed to stand, for the reason that the plaintiff had exclusive charge and control of the trains of the Randolph and Cumberland Railway, and was himself in part responsible for the collision. There was testimony to the effect that plaintiff, a section foreman, while on the construction work, had the right to control the movements of the engine, and, when so engaged, it obeyed his orders. Plaintiff, however, testified that, on this occasion and while running the train back to the station, he had no control; on the contrary, it was in charge of the engineer at the time, plaintiff, himself, being on the flat car in front, and that when he noted the approach of the other train and saw that a collision was likely, he did all he could to warn the engineer, and was unable to attract his attention. Under a comprehensive and impartial charge, the jury have accepted plaintiff's version of the matter, and the position, therefore, is not open to defendants.

Again, it was contended for both defendants that, as plaintiff was injured on a railroad in process of construction, and not one "operating in the State," the fellow-servant act, making the company responsible for injuries caused by the negligence of a coemployee, did not apply to the case, and that the injury having been caused by the negligence of plaintiff's own engineer, a fellow-servant, neither company is responsible. If this position or the conclusion from the facts suggested be conceded, it would not avail defendants. The testimony tended to show that the Randolph and Cumberland Railway had laid its track some 2 miles beyond Hallison, was running its construction train over

McDONALD v. R. R.

it every day, and had carried some freight beyond the station to oblige some of its customers, shipping over the road, but made no charge for the additional haul, and, on these facts, there is high authority for the position that the railway, in such case, should be considered as an operating road, within the meaning of the fellow-servant act (*Callahan v. St. Louis, etc., Terminal Co.,* 170 Mo., 473; *San Juana Perey v. San Antonio, etc., R. R.,* 28 Texas Civ. App., 255; *McKnight v. The Iowa, etc., Construction Co.,* 43 Iowa, 406); and there is nothing to the contrary in the decisions of our own Court to which we were referred by counsel, *Twiddy v. R. R.,* 154 N. C., 237; *Oneal v. R. R.,* 152 N. C., 404; *Nichols v. R. R.,* 138 N. C., 516, an examination of these cases showing that plaintiffs therein were not a part of any train crew; were not in any way connected with the movements of any train, and were not, at the time, on any train being operated by others.

The position, however, is not presented in the record, as a perusal of the facts in evidence tends to show that, while the Randolph and Cumberland Railroad had not made any charge for hauling freight any distance beyond the crossing, it had laid a track 30 feet beyond, which it was accustomed to use in the operation of its regular trains in loading and unloading freight at Hallison Station, and his Honor held and so charged the jury, "that the railroad beyond this 30 feet was not one operating within the meaning of the law, and that defendants were not responsible for the injury unless it occurred while operating its train over a portion of the track laid and continually used in the regular operation of its traffic and passenger trains," in which case the fellow-servant act would certainly apply. *Hemphill v. Lumber Co.,* 141 N. C., 487; *Sigman v. R. R.,* 135 N. C., 184; *Mott v. R. R.,* 131 N. C., 237.

On the facts in evidence, therefore, if there was error in this ruling, it was not one that could give defendants or either of them any just ground of complaint.

It was further insisted for defendant the Raleigh, Charlotte and Southern, that it should not be held responsible by reason of a contract between the company and its codefendant by which

the latter stipulated, in effect, that for and in consideration of being allowed to cross the Durham and Charlotte road, now owned and operated by the Raleigh, Charlotte and Southern, it would keep said crossing free and clear of all obstacles which would stop or delay the trains of the other company and would guard against accidents by having a flagman or proper employee who will flag in daytime and lantern at night, and sufficiently protect and guard against accidents, etc. This contract is relevant, and may become important on a question of primary liability between the two companies, but it cannot be allowed to affect the right of plaintiff to recover for injuries caused by culpable negligence on the part of both.

For such an injury, and as to plaintiff, both companies are liable. *Gregg v. Wilmington,* 155 N. C., pp. 22-23; *B. and O. R. R. v. Friel,* 77 Fed., 126; *Toledo R. R. v. Hydell,* 25 Ohio Cir. Ct., 575.

There is no error, and the judgment must be affirmed.

No error.