STACY, C. J., dissenting.
WINBORNE and DENNY, JJ., concur in dissenting opinion.
The complaint in this action alleges three causes of action, namely, (1) malicious prosecution, (2) false imprisonment, and (3) abuse of process. The jury answered the issues in the first cause of action alleged, namely, malicious prosecution in favor of the defendant. The court sustained a demurrer ore tenus to the second cause of action alleged, or attempted to be alleged, namely, false imprisonment. The jury answered the issues in the third cause of action alleged, namely, abuse of process in favor of the plaintiff.
From judgment in the action for abuse of process in favor of the plaintiff, predicated on the verdict, the defendant appealed, assigning errors. The plaintiff appealed from action of the court in sustaining the demurrer ore tenus to the cause of action for false imprisonment, and from the rulings by the court in the course of the trial of the action for malicious prosecution. *Page 271 
We will first discuss the defendant's appeal, since the conclusion we have reached thereon renders any extensive discussion of the plaintiff's appeal supererogatory.
The defendant seriously presses his assignments of error addressed to the refusal of the court to allow his motion in the alleged cause of action for abuse of process for a judgment as in case of nonsuit lodged when the plaintiff had introduced his evidence and rested his case and renewed after all the evidence on both sides was in. C. S., 567; G.S., 1-183.
"Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured. A power conferred by legal process may not be abused or exercised with unreasonable indignity or oppressive hardship to another. The abuse may be of civil or criminal process." 1 Am. Jur., Abuse of Process, par. 2, p. 176. The distinctive nature of an action for abuse of process is the improper use of process after it has been issued, and not for maliciously causing it to issue. Where the process has been lawfully issued and has subsequently willfully been perverted so as to accomplish a result not commanded by it or lawfully obtainable under it the action for abuse of process lies. Griffin v. Baker, 192 N.C. 297,134 S.E. 651, and cases there cited. There are two essential elements for an action for abuse of process, (1) the existence of an ulterior motive, and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. Carpenter v. Hanes, 167 N.C. 551, 83 S.E. 577. Measured by this standard, there was sufficient evidence in the case at bar to be submitted to the jury and to sustain the verdict rendered.
It was admitted that the defendant procured the arrest and prosecution of the plaintiff. The plaintiff testified that he did not owe the defendant any amount and that when he (plaintiff) refused to pay him (defendant) the amount claimed, the defendant procured the warrant from the clerk of the recorder's court charging the plaintiff with having disposed of a crop of tobacco, after executing an agricultural lien thereon without applying the proceeds in payment of such lien, with intent to defeat the rights of the defendant, lienee, and had the plaintiff arrested and incarcerated thereunder; that after such warrant was issued the defendant told plaintiff he would not have it served if plaintiff would pay the defendant what he claimed was due to him by plaintiff; and after plaintiff had been arrested and lodged in jail upon said warrant, *Page 272 
and while he was in jail, the defendant came to him and told plaintiff that he, defendant, would procure his release if he, plaintiff, would agree to pay him, defendant, the amount he claimed, and further, he, defendant, would procure plaintiff's release if he would agree to go to Fayetteville and work in defendant's guano plant and there work out the amount claimed. This was evidence that the motive of the defendant was to collect what he claimed was due him from the plaintiff, which was an ulterior motive, a motive foreign to the only legitimate purpose for which the warrant could have issued, namely, to punish the person charged for the commission of the offense against which the law inveighs. This was not only evidence of an ulterior motive, bad intent or wicked purpose, but also evidence of such motive, intent or purpose finally culminating in an abuse, which is the gist of the action. Carpenter v. Hanes, supra. The testimony of the plaintiff likewise furnishes evidence of acts in the use of the process, after its issue, which were not proper in the regular prosecution of the proceeding.
While it is true the defendant's testimony contradicted in part and denied in part the plaintiff's testimony, such variance presented issues of fact for the jury and not solely questions of law for the court, and rendered the demurrer to the evidence, and the assignments of error based thereon, untenable.
The defendant also stresses assignments of error based upon the contention that the charge of the court did not comply with C. S., 564; G. S., 1-180, in that it failed to properly declare and explain the law arising on the evidence.
It should first be observed that the exceptions to the charge upon which these assignments of error are based are not made in strict accord with Rule 28, Rules of Practice in the Supreme Court, 221 N.C. pp. 564-5, but passing this apparent failure to comply with the rule, we do not concur in the position taken by the defendant that the charge fails to comply with the statute, since it presents the principal features of the evidence relied upon by the respective parties, states the positions taken by them, and declares and explains the law arising on the evidence. S. v. Graham,194 N.C. 459, 140 S.E. 26. An exception simply to the general failure of the judge to state in a plain and correct manner the evidence and declare and explain the law arising thereon is too general and cannot be sustained. Jackson v. Lumber Co., 158 N.C. 317, 74 S.E. 350.
"Besides, any omission to state the evidence or to charge in any particular way, should be called to the attention of the court before verdict, so that the judge may have opportunity to correct the oversight. A party cannot be silent under such circumstances and, after availing himself of the chance to win a verdict, raise an objection afterwards. *Page 273 
He is too late. His silence will be adjudged a waiver of his right to object. The subject is fully discussed in Simmons v. Davenport,140 N.C. 407." Davis v. Keen, 142 N.C. 496, 55 S.E. 359. In the case at bar no special instructions were prayed and no omission of evidence, nor error in the stating thereof, was called to the attention of the court by the defendant. The court directed the attention of the jury to the principal questions which were under investigation and explained the law applicable thereto. This was all required of him by the statute in the absence of prayers for special instructions.
The defendant advances the argument that since the jury failed to find the absence of probable cause for the prosecution of the plaintiff by the defendant upon the charge of disposing of crops upon which a lien existed without settling with the lienee, and thereby denied the plaintiff's alleged cause of action for malicious prosecution, the plaintiff was thereby also denied the right to recover on his alleged cause of action for abuse of process, and for that reason the court erred in failing to instruct the jury not to consider the evidence applicable to the first cause of action in considering the issues as to the second cause of action. This argument is untenable for the reason that while there is a definite distinction between an action for malicious prosecution and an action for abuse of process in that, among other things, in the former want of probable cause is a requisite and not in the latter, the same evidence may be competent on both causes of action.
It appears in his Honor's charge that "it was agreed by counsel on both sides that I need not review it (the evidence)." However, we are of the opinion that the court stated the evidence with sufficient fullness to enable the court to present every substantial and essential feature of the case, and to declare and explain the law arising thereon. If the defendant desired any fuller explanation on some subordinate feature of the case, or upon some particular phase of the evidence, he should have aptly tendered prayers for special instructions relating thereto. School District v.Alamance County, 211 N.C. 213, 189 S.E. 878.
Viewing the charge as a whole and considering it contextually, we find no prejudicial error therein.
On the oral argument counsel for plaintiff stated that if no error was found on defendant's appeal, the plaintiff did not care to pursue further his appeal. Accordingly, since we are affirming the judgment below, the appeal of the plaintiff is treated as withdrawn. The judgment of the Superior Court is affirmed.
No error.