HARDISON v. LUMBER CO.

(Filed October 11, 1904).

1. LOGS AND LOGGING—*Contracts—Timber.*

> A contract for the sale of timber above the size of twelve inches in diameter requires a measurement from outside to outside, bark included, in the absence of evidence of any local or general custom giving those words a different meaning.

2. LOGS AND LOGGING—*Contracts.*

> Under a contract for the sale of standing timber, giving the purchaser fifteen years within which to cut and remove the same, the cutting need not be continuous.

3. LOGS AND LOGGING—*Contracts.*

> Under a contract for the sale of all the pine timber on plaintiff's land, of and above the size of twelve inches in diameter "when cut," with the term of fifteen years in which to cut and remove the same, the purchaser is entitled to cut trees that attain that size within the term.

ACTION by W. A. Hardison against the Dennis Simmons Lumber Company, heard by *Judge Frederick Moore,* at March Term, 1904, of the Superior Court of MARTIN County. From a judgment for the defendant the plaintiff appealed.

*Small & McLean,* for the plaintiff.
*H. W. Stubbs,* for the defendant.

CLARK, C. J. On 5th September, 1891, plaintiff conveyed to the Greenleaf-Johnson Company, in consideration of $65, "all the pine timber of and above the size of twelve inches in diameter on the stump when cut, in and upon" a certain tract of land, with the term of fifteen years within which to cut and remove the same. Thereupon, said company entered and cut a part of the timber which measured twelve inches and over, but

left some of that size standing. In June, 1902, the Greenleaf-Johnson Company conveyed its interest and estate under said deed to defendant company, which again entered upon the land and cut and removed such timber as had been left by the Greenleaf-Johnson Company, and also cut and removed all of the trees which had attained the size of twelve inches, constructing and operating a railroad upon plaintiff's land for that purpose. As is alleged in the complaint, and not denied, these several acts on the part of the defendant were committed after the same had been forbidden by plaintiff.

Three questions are presented for consideration, to-wit:

1. In determining the measurement, shall the twelve inches be computed from outside of bark to outside, or from inside to inside.

2. If, when the tract is once cut over, and there is left standing trees of the required size, can the grantee enter again at any time during the period of the lease for the purpose of cutting and removing them?

3. If, when the tract is cut over once, and all the trees of the dimensions of twelve inches in diameter and over at the stump are cut and removed, can the grantee enter again at any time during the period of the lease for the purpose of cutting and removing such trees as may have attained the required size between the time of the first and the second cuttings?

As to the first proposition, the natural meaning of the words "twelve inches in diameter," applied to standing trees, would be measurement from outside to outside, bark included. Few things are "closer than the bark to the tree." The construction we place upon the words has the support of precedent. *Alcutt v. Lakin,* 33 N. H., 507, 66 Am. Dec., 739; *Pease v. Gibson,* 6 Me., 81; 28 A. & E. Ency. (2 Ed.), 542, and other cases there cited. There was no evidence of any local or general custom giving these words a different meaning. A contract for logs "squaring" so many inches is an entirely

different measurement, for this presupposes the bark and outer timber, except as to four edges, to be cut away.

The second point is against the plaintiff also. There are no words to restrict the purchaser to a continuous cutting. Had the parties so intended, they should have so contracted. It may be inconvenient to the plaintiff to have the purchaser enter a second time and cut down young trees, incidentally, in making his roads, but the seller should have foreseen and provided for this in making his contract. The purchaser in stipulating for "fifteen years" in which to "cut and remove" was evidently providing for his ease and leisure in so doing.

The last point is the most important one. In *Whitted v. Smith,* 47 N. C., 36, *Judge Pearson* says that a conveyance of timber of a stipulated size to be cut and carried away at the convenience of the purchaser "only embraces such timber as was of that size at the date of the conveyance and not such as attained to it afterwards," and quotes with approval *Daniel, J.,* in *Robinson v. Gee,* 26 N. C., 186, that "It could never have been intended by the vendor when he made the reservation, that the tract of land should be a perpetual plantation for the raising of pine timber for the benefit of the vendee." In *Warren v. Short,* 119 N. C., 39, this is affirmed, *Avery, J.,* saying that a conveyance of all timber measuring "twelve or more inches in diameter at the stump, to be cut and removed within ten years, includes only the timber of that dimension when the conveyance was made." He adds that "A deed might be so drafted as to pass all trees that would attain the size mentioned during the period of the lease." The addition of the words "when cut" in this contract, so that the agreement reads "all pine timber above the size of twelve inches in diameter, on the stump, when cut," evidently was intended to embrace all timber reaching that size within the ten years and so cut. The legal effect of such stipulation is construed in *Lumber Co. v. Hines,* 126 N. C., 254, to be

that "the title passes only to those trees of the required measurement at the date of the deed. The grantee has no estate in the timber under size, for a court of equity to protect, but merely a contingent right." The vendee held a license to cut such timber when it should reach that size. *Robinson v. Gee, supra.* Here it is agreed that the timber did reach the stipulated diameter "when cut" and was cut within ten years. The plaintiff having contracted that this might be done cannot recover damages because it has been done.

No Error.