## BANKS v. LUMBER COMPANY.

(Filed September 18, 1906).

*Deeds—Contracts—Construction—Evidence—Custom.*

1. The construction of a written contract, when its terms are unambiguous, is a matter for the Court.

2. A deed conveying all "the pine timber at and above the size of twelve inches in diameter *at the base* when cut, now standing or growing" on certain land, includes all trees measuring twelve inches in diameter *at the ground* at the time of actual cutting.

3. Where a deed conveyed all trees measuring twelve inches in diameter at the base when cut, evidence merely that it was customary in that section to cut timber two feet above the ground, was properly excluded.

HOKE, J., dissenting.

ACTION by J. B. Banks and others against Blades Lumber Company, heard by *Judge B. F. Long* and a jury, at the Spring Term, 1906, of the Superior Court of JONES.

The deed under which the defendant claims conveys all "the pine lumber of every description at and above the size of twelve inches in diameter *at the base* when cut, now standing or growing, or which may be during the ensuing term of 15 years, lying, standing, or growing" on the tract described. The complaint avers that the defendant has cut timber on said tract "less than twelve inches in diameter at the base," and asks damages for the value of such timber.

The plaintiffs offered to prove a custom in that section to cut timber two feet from the ground. This was properly ruled out as irrelevant. It had no bearing on the controversy, which does not concern the height at which the trees were cut, but the size of those cut. The defendant then offered to prove that the defendant had cut pine timber on said land "less than twelve inches in diameter at about two feet from the ground,"

142—4

though it was that diameter at the ground. On objection, this was excluded. The Court intimated that it would instruct the jury "that the plaintiffs could not recover the value of any timber cut by the defendant measuring twelve inches in diameter at the base when cut, and that the jury should find the base of said timber to be at the ground," and the plaintiffs took a nonsuit and appealed.

*T. D. Warren, Simmons & Ward* and *M. de W. Stevenson* for the plaintiffs.

No counsel for the defendant.

CLARK, C. J., after stating the case: The construction of a written contract, when its terms are unambiguous, is a matter for the Court. This contract specifies clearly the diameter and the point of the tree at which the diameter should be measured. In some of the cases which have come before this Court, the contract has stipulated "not less than fourteen inches in diameter twenty-four inches above the ground," as in *Lumber Co. v. Hines,* 126 N. C., 255; or "twelve inches in diameter on the stump," *Hardison v. Lumber Co.,* 136 N. C., 173, and *Warren v. Short,* 119 N. C., 39; or timber that will "square one foot," *Whitted v. Smith,* 47 N. C., 36; and it may be that there have been others with a stipulation, like this, for the measurement to be taken "at the base." This is a matter of contract between the parties.

His Honor was correct in holding that "at the base" meant "at the ground." Webster defines "Base—that on which something is supported, as the base of a column, the base of a mountain," *i. e.,* at the foot of the column, at the foot of the mountain. The contract specifies timber "now standing or growing," *i. e.,* trees; and the base of a tree is "at the foot" of the tree. If the parties intended that the measurement should be taken "at the stump" or "twenty-four inches above the

ground," they have not so contracted. The contract being for measurement at the base, it cannot be contradicted by parol.

Certainly, evidence merely that it was customary in that section to cut timber two feet above the ground could not have that effect, for it was not shown nor offered to be shown that such cutting was usually under contracts stipulating for measurement "at the base," and that when cut under such contracts the "diameter at the base" was by general custom understood and taken to be twelve inches in diameter two feet above the ground. His Honor, therefore, properly held that "twelve inches in diameter at the base" meant "at the ground." If this enabled the defendant to cut trees that might measure less than twelve inches in diameter two feet above the ground, it is because the plaintiff so contracted.

In *Hardison v. Lumber Co.*, 136 N. C., 173, we held that the natural meaning of the words "twelve inches in diameter" applied to standing trees and would be "from outside to outside, bark included," in the absence of a general custom giving the words a different meaning. So, here, the natural meaning of "twelve inches in diameter at the base" is "at the ground," and there was no evidence offered of a general custom that when those words were used in a contract, "at the base" meant "two feet above the ground."

The words "when cut" only extends the time of the measurement, which would otherwise refer to the diameter of the trees at the date of the contract, to the time of the actual cutting. *Hardison v. Lumber Co., supra,* and cases there cited. If the meaning of the contract was "12 in. diameter at the base of the log" when cut, then all the timber above the lowest cut would belong to the land-owner if the upper cuts were less than 12 in. diameter at the big end.

No Error.

HOKE, J., dissenting.