## HENRY CLARK BRIDGERS v. W. W. ORMOND.

(Filed 29 September, 1910.)

**Contracts—Interpretation—Questions of Law—Words and Phrases.**
When the terms of a written contract are explicit its construction is for the court; and the word *"or"* of a contract to construct a railroad from F. to H. "to a depot to be erected within *or* adjacent to the present southern limits of H." will not be construed as *"and,"* so as to require the road to be constructed to a depot to be erected *"within and* adjacent to" the town limits, for therein the substitution of a conjunctive for a disjunctive attaches a qualification that necessarily changes the terms and meaning of the contract in an essential feature.

APPEAL from *Guion, J.,* at the April Term, 1910, of EDGE-COMBE.

Plaintiff seeks to recover $1,120 upon the following bonds: $1,050. For and in consideration of the building and equipment of a permanent standard railroad from Farmville to Hookerton, N. C., to a depot to be erected within or adjacent to the present southern limits of the town of Hookerton and on the south side of Contentnea Creek, within twenty-four months from the 29th day of March, 1906, we promise to pay to Henry C. Bridgers, or order, the sum of one thousand and fifty dollars.

It is agreed and understood that this note shall be held and kept by W. W. Ormond, J. I. Beaman, J. E. W. Sugg, F. M. Taylor and B. F. D. Albritton, committee, or by either of them, as may be agreed by the others; and when said depot is erected as set out above, and said railroad is completed and equipped to within one-half mile of the Academy building in the town of Hookerton, then this note shall become due and payable, and said W. W. Ormond and others may proceed to collect the same and hold the proceeds, to be paid to said Henry Clark Bridgers when he shall have built and equipped said road and depot as set out above in first paragraph; and it is further understood and stipulated that if said Henry C. Bridgers should fail to build and equip said railroad and erect said depot by the 29th

153—8

day of March, 1908, as first set forth herein, then this note is to be null and void.

Witness our hand and seal this the 19th day of April, 1906.

W. W. ORMOND.     (Seal)
ELIAS TURNAGE.    (Seal)
Y. T. ORMOND.     (Seal)

The above change in date and time for the completion of the railroad referred to in this note was made with my knowledge and consent.                                    W. W. ORMOND.

The defendant W. W. Ormond executed another note, of like tenor and purport, for the sum of seventy and no-100 dollars. At close of evidence the court intimated that plaintiff could not recover, and he submitted to a nonsuit and appealed.

*John L. Bridgers* for plaintiff.
*Y. T. Ormond* for defendant.

BROWN, J.  Plaintiff introduced evidence tending to prove that he had constructed, equipped and had in operation, within the time required by the contract, a permanent standard rail-road from Farmville to Hookerton, N. C., to a depot erected within the town of Hookerton and on south side of Contentnea Creek.  These facts are not controverted.

But it is contended that the contract requires that the depot shall be erected in Hookerton 'and' adjacent to the present southern limits of the town.  The learned judge below seems to have so construed the contract.  We are unable to adopt such construction, as we feel unauthorized to strike out the word "or" in the contract and substitute in its place the word "and."

The one purpose of a written contract is to make certain what the contract is.  "Words must not be forced away from their proper signification to one entirely different, although it might be obvious that the words used, either through ignorance or inadvertence, express a very different meaning from that intended."  Parson's Law of Cont., Vol. II, p. 7.  The terms being explicit, the construction is for the court.  *Wilson v. Cotton Mills,* 140 N. C., 52; *Banks v. Lumber Co.,* 142 N. C., 49.

In the phrase under consideration an important word is the disjunctive "or." We have no more right to strike it out than we have to strike out the word Hookerton.

To substitute the conjunctive "and" for it in the contract is not warranted by either the uses of language or the context of the writing. There have been such changes in the words of a written instrument when clearly demanded by the context. Such a substitution would put upon the plaintiff in this case a double liability, and a condition he did not contract for. The substitution of a conjunctive for a disjunctive attaches such a qualification that of necessity changes the terms and meaning of the contract, and in effect materially alters it in an essential feature.

The real purpose of the contract was to secure the building of a standard railroad from Farmville to Hookerton, and that is the only consideration expressed upon its face. One of the termini was to be a depot erected in Hookerton, or adjacent to its southern limits. There is nothing doubtful or ambiguous in the words used. They plainly confer upon the plaintiff the optional right to erect the depot in Hookerton, or if not in Hookerton, then adjacent to its southern boundary.

It is admitted that the plaintiff has constructed the depot and located it within the corporate limits of Hookerton.

His Honor should have instructed the jury that upon the uncontradicted facts as presented in this record the plaintiff is entitled to recover.

New trial.

HOKE, J., concurs in result.