CORNELIUS MIDGETT v. THE BRANNING MANUFACTURING COMPANY.

(Filed 15 September, 1920.)

1. **Employer and Employee—Master and Servant—Fellow-servant Act— Negligence of Vice Principal—Statutes.**

The plaintiff was employed by defendant logging railway company at a steam power-driven "rigged skidder," used for drawing logs attached to a rope from the woods to be loaded on cars, the duty of plaintiff being to give signal for the "skidder" to start. While acting under the supervision of the defendant's superintendent regarding a log that had been caught between stumps, the skidder started, causing a personal injury to the plaintiff. The evidence was conflicting as to the plaintiff's contributory negligence, and whether the "skidder" accidentally started or signal was given negligently by other employees of defendant: *Held*, though the fellow-servant act would not apply, still, if the plaintiff was injured by the negligence of the defendant's vice principal, the defendant would be liable unless the plaintiff was guilty of contributory negligence, and under the conflicting evidence this question was properly submitted to the jury. Rev., 2646.

2. **Employer and Employee—Master and Servant—Negligence—Fellow-servant Act—Actions—Damages.**

When the negligence of the employer and a fellow-servant concurs in producing an injury, the injured employee can recover from either, if he himself is free from negligence.

APPEAL by defendant from *Lyon, J.*, at November Term, 1919, of TYRRELL.

This is an action for personal injuries. The defendant logging railroad was operating a steam skidder for pulling the logs from the woods to be loaded on its cars, it being what lumbermen call a "rigged skidder." The plaintiff's duty was to carry the bull rope attached to the said machine out in the woods and fasten it to the logs to be pulled, and also to place the ropes around the logs when they were lifted and loaded on the cars. The plaintiff was the only one who had authority to signal the skidder to start pulling a log. When the rope had been attached by him, he would back off a few feet and give the signal, whereupon the engineer would give two short blasts of the whistle as a signal for the men to get out of the way, when he would begin to pull. When the engineer gave the signal, the plaintiff would run further back into the woods.

On this occasion the log had fallen in such a manner that it lay parallel to the railroad track, and was wedged between stumps. The plaintiff reported this to the foreman in charge, who went where the log was lying, in company with the plaintiff and other employees, and ordered them to saw the log in two, and said that he would then break it

with the skidder. In sawing the log in two, it settled down and pinched the saw, and under the direction of the foreman the plaintiff placed the bull rope on the top of the log, while other employees drove wedges into the log to release the saw. While the plaintiff was standing by to give the signal, when ready, the skidder suddenly started up, without warning, snatching the log with such a force that it swung around several feet to where the plaintiff was standing, knocking him down, breaking his leg, and otherwise injuring him.

The jury found that the plaintiff was injured by the negligence of the defendant, and that the plaintiff was not guilty of contributory negligence, and assessed the damages at $500. The defendant appealed from the judgment.

*Majette & Whitley for plaintiff.*
*T. H. Woodley and Meekins & McMullan for defendant.*

CLARK, C. J. The evidence for plaintiff was that the skidder started up without any warning. The evidence for the defendant was that the skidder started up without orders from the foreman, and upon the signal from another employee, who got notice from still another employee, who received notice from the plaintiff. On this conflict of evidence the motion for nonsuit was properly refused.

The defendant further insists that this injury was an accident, and if not, that it was caused by the negligence of a fellow-servant, for which the defendant is not responsible. The plaintiff was obeying the orders of his superior, the foreman, and the vice principal of the company, who was present at the time and directing the work.

It is true that the fellow-servant act, Rev., 2646, applies to the operation of logging roads. *Liles v. Lumber Co.,* 142 N. C., 49; *Bissell v. Lumber Co.,* 152 N. C., 123; *Bloxham v. Timber Corp.,* 172 N. C., 37. This does not extend to the operation of the skidder by other than the train crew, and if used only for the purpose for drawing logs out of woods to be loaded upon the cars. *Twiddy v. Lumber Co.,* 154 N. C., 237. In *Jackson v. Lumber Co.,* 158 N. C., 317, it was intimated that the operation of the skidder to draw the logs out of the woods was not a part of the operation of the railroad company, but that the use of the loading machine to lift them on the cars was.

In this case the plaintiff was injured by the negligence of the skidder, as the jury found, but if the fellow-servant act does not apply, the defendant was liable for negligence of its vice principal, who was directing the work, and under whose orders the plaintiff was acting. "In such a case, the negligence is imputed to the principal, and a prayer for instruction was properly refused, to the effect that if the plaintiff was

injured, under such circumstances, by the misconduct of a co-employee he could not recover." For if the negligence of the employer and a fellow-servant concurs in producing the injury, the injured employee can recover from either if he himself is free from blame. *Wade v. Contracting Co.,* 149 N. C., 180, citing 12 A. and E. (2 ed.), 905; *Beck v. Tanning Co.,* 179 N. C., 126.

No error.