## LANK R. BECK v. THOMASVILLE CHAIR COMPANY.

(Filed 19 December, 1924.)

1. **Evidence—Nonsuit—Employer and Employee—Master and Servant—Fellow-Servant—Safe Place to Work.**

   Evidence that the plaintiff in an action to recover damages for a personal injury, was required to adjust, in his line of duty, belts on overhead pulleys by using stepladders in the narrow, etc., aisle in the defendant's manufacturing plant, where trucks loaded with material were constantly passing, and the floor was uneven so that ladders could not be securely placed, and that the injury occurred near the place where the defendant's superintendent was standing, occasioned by a fellow servant of the plaintiff pushing forward a truck out of the way of the one he was using, which ran down an inclined place of the floor, striking the ladder on which the plaintiff was at work, causing the injury, is sufficient for the determination of the jury upon the question of whether the proximate cause of the consequent injury was the negligent failure of defendant to furnish the plaintiff a safe place to work.

2. **Same—Concurring Negligence—Proximate Cause—Nonsuit.**

   Where the failure of defendant employer to furnish the plaintiff, its employee, a safe place to work, concurs with the negligence of a fellow servant in proximately causing the injury in suit, the defendant is liable in damages for the consequent injury, and his motion as of nonsuit upon the evidence, C. S., 567, is properly denied.

3. **Appeal and Error—Objections and Exceptions.**

   Exceptions on appeal that do not relate to the controversy between the parties and are to matters entirely collateral to the issues will not be sustained on appeal.

4. **Courts—Discretion—Verdict Rendered Out of Term—Consent—Appeal and Error.**

   Where the parties to the action have consented that the judge adjourn the term of the court *sine die*, and that the clerk take the verdict of the jury in his absence, and after the judge had left the district and pending

the jury's investigation a juror expressed a desire for further instructions upon a matter not disclosed, a motion to set aside the verdict on that ground is addressed to the sound discretion of the trial judge, and the exercise of this discretion will not be disturbed on appeal.

APPEAL by defendants from judgment rendered by *Bryson, J.,* at July Term, 1924, of DAVIDSON.

Civil action, to recover damages for personal injuries alleged to have been caused by the negligence of defendants. In accordance with verdict, judgment was rendered for plaintiff. Defendants appealed, assigning as error (1) the refusal of the court to allow defendants' motion for nonsuit at the close of all the evidence; (2) the refusal of the court to give special instructions as requested by defendants; and (3) the refusal of the court to set aside the verdict and grant a new trial because of the absence of the judge during the consideration of the case by the jury and at the time verdict was returned. These assignments are discussed in the opinion.

*Leroy B. Wall and Phillips & Bower for plaintiff.*
*Raper & Raper and Z. I. Walser for defendants.*

CONNOR, J. At the close of the evidence offered by plaintiff, defendants moved for judgment as of nonsuit. Motion denied. Defendants excepted. Defendants thereupon offered evidence, and at the close of all the evidence renewed the motion. The motion was denied, and defendants excepted. C. S., 567.

On 20 March, 1923, plaintiff, an employee of defendants, was standing on a ladder in the machine room of defendants' factory, at work. Suddenly the ladder was struck by a truck which had been shoved by a fellow-servant of plaintiff. Plaintiff fell from the ladder to the floor, about seven or eight feet. He was rendered unconscious by the fall, his right arm broken, his face cut and his body bruised. Plaintiff was taken to a hospital, where he received medical attention. His arm is permanently injured.

One of plaintiff's duties as an employee of defendants was to dress the belt used in operating the machinery. In order to perform this duty it was necessary for plaintiff to go upon a ladder, so that he could reach the belt. On the occasion when plaintiff was injured, the belt was slipping and giving trouble. Plaintiff placed the ladder in position, so that he could perform his duty with respect to the belt. The ladder was placed in the aisle, along which employees moved trucks loaded with material for the manufacture of chairs. The floor was uneven and the ladder was standing on two legs, thus being unsteady. The machine

room in which plaintiff was at work was 50 feet wide and 210 feet long. There were many machines and much material on the floor in this room. The aisle, with machines set on either side, extended through the room for 75 feet. Twenty-five or thirty trucks were in use in this aisle when plaintiff went upon the ladder. These trucks were about 2½ feet wide and 3 or 4 feet long, and were moved along the aisle loaded.

While plaintiff was on the ladder, two of his fellow-servants were moving a loaded truck along the aisle toward the ladder. A truck was standing in the aisle, in the way of the truck which they were moving. One of these employees pushed this truck, causing it to roll toward the ladder. The floor was slanting, and the truck gained speed as it neared the ladder. When it struck the ladder, which was unsteady because the floor was not level, plaintiff was thrown down and injured.

At the time plaintiff went upon the ladder the foreman in charge of the machine room and under whose supervision plaintiff was at work, was within twenty feet of plaintiff and saw or could have seen plaintiff standing on the ladder. The machinery was running and the trucks in constant movement up and down the aisle.

There was evidence from which the jury could have found the facts as above stated. Plaintiff contends that upon these facts defendants were negligent in that they failed to furnish him a reasonably safe place in which to work and that this negligence was the proximate cause of his injury. Defendants contend that there was no negligence on their part but that plaintiff's injury was caused solely by the negligence of his fellow-servant in pushing the truck against the ladder. Plaintiff contends that his injury was the result primarily of the condition of the floor and the congestion on and near the aisle, thus making the place at which he was at work unsafe and that defendants are not relieved of liability for the injury caused by this negligence because the act of his fellow-servant concurred in causing him to fall from the ladder.

In *Beck v. Tanning Co.,* 179 N. C., 124, *Walker, J.,* states the law to be as follows: "It is unquestionably the duty of the master to use proper care in providing a reasonably safe place where the servant may do his work and reasonably safe machinery, implements, etc., with which to do the work assigned to him, and this duty is a primary and an absolute one which he cannot delegate to another without at the same time incurring the risk of himself becoming liable for the neglect of his agent, so entrusted with the performance of this duty which belongs to the master, for in such a case the negligence of the agent, or fellow-servant, if he is appointed to act for the master, is the master's neglect also. If the negligence of the master concurs with that of the servant in causing an injury, the master is liable."

In the instant case, the act of the fellow-servant in shoving the truck toward the ladder was wrongful and contributed to plaintiff's injury. The condition of the floor, both with respect to its being uneven and with respect to the congestion of machinery and material in and along the aisle, was properly submitted to the jury as evidence that defendants had failed to use proper care in providing a reasonably safe place in which plaintiff was required to work. Defendants' foreman in charge of the room, standing within 20 feet of the ladder upon which plaintiff was at work, permitted employees to move heavily loaded trucks up and down the narrow aisle in which the ladder was standing. The ladder was unsteady because of the condition of the floor. Clearly upon this evidence there was negligence on the part of the defendants and there was evidence proper to be submitted to the jury as to whether or not defendants' negligence was the proximate cause of his injury or whether or not such negligence concurred with the negligence of a fellow-servant in causing the injury. *Steele v. Grant,* 166 N. C., 635; *Midgett v. Mfg. Co.,* 180 N. C., 24. The motion for nonsuit was properly denied and the first assignment of error cannot be sustained.

In apt time defendants submitted in writing six requests for special instructions. We have examined these requests with care and find no error in the refusal of the court to give them.

We do not deem it necessary to set out these requests. There was no contention by the plaintiff that his injury was caused by the condition of the line shaft or pulley and therefore the first and second requests were properly refused. The third, fourth, fifth and sixth requests were in effect that defendants were not liable for the reason that plaintiff's injury was caused solely by the negligence of a fellow-servant. They are based upon the same propositions as those involved in the motion for nonsuit.

The court concluded the charge to the jury between the hours of four and five o'clock in the afternoon. This was the last case for trial at the July term of the court. There was no other business requiring the further attendance of the presiding judge, whose home was quite a distance from Lexington, the county-seat of Davidson County. After the judge had charged the jury, it was agreed by counsel for plaintiff and defendants that if the jury did not return a verdict before the departure of the train, the judge might leave Lexington on the night train for his home and that all motions, orders and judgments in the action might be made, noted and signed out of term. In accordance with this agreement, the judge left for his home about 7:40 P. M., having first notified the jury that they could return their verdict to the clerk of court. After the judge had left, one of the jurors stated to the officer in charge of the jury, that some of the jurors wanted some

information from the judge. It does not appear what the information desired by the juror was. He was informed that the judge could not be seen. The jury continued their deliberations and thereafter returned the verdict to the clerk in accordance with the agreement. Defendants moved the court to set aside the verdict and to grant a new trial for the reason that the juror was unable to procure the information he desired on account of the absence of the judge. Motion denied and defendant excepted. This motion was addressed to the discretion of the judge, and upon the facts found by him there was no abuse of discretion in the denial of the motion. The judge after his charge to the jury, absented himself from the court with consent of defendants. His charge to the jury was full, accurate and comprehensive. There are no exceptions to this charge by defendants. Defendants do not except to his absence from court nor do they contend that the motion should have been allowed as a matter of law. The assignment of error cannot be sustained. *Cogburn v. Henson,* 179 N. C., 630.

No error.